**BANGOR AND AROOSTOOK RAILROAD COMPANY, Plaintiff,**

v.

**MAINE CENTRAL RAILROAD COMPANY, Defendant.**

**Civ. A. No. 156–73.**

United States District Court,
District of Columbia.

May 10, 1973.

Donald Macleay, Washington, D. C., for plaintiff.

James C. McKay, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

CORCORAN, District Judge.

### I

This action was brought by the Bangor and Aroostook Railroad Company (herein the BAR) against the Maine Central Railroad Company (herein the Maine Central) pursuant to the provisions of 9 U.S.C. Sec. 9 to enforce an award by an arbitration committee of the Association of American Railroads (herein AAR) of which both parties are members. The defendant has challenged this Court's jurisdiction over the subject matter of the complaint and alternatively its jurisdiction over the person of the defendants pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. The Court finds both arguments pursuasive and grants the defendant's motion to dismiss.

### II

On October 20, 1971, near the town of Clinton, Maine, a train operated by the

Maine Central was derailed. As a result, twenty cars belonging to the BAR which had been incorporated into the Maine Central train the previous night were seriously damaged.

At the time, both railroads were members of the AAR, an organization devoted to promulgating rules involving business transacted between member railroads. Among such rules are the so-called "Interchange Rules" which are intended to serve as a guide to the proper handling of matters arising from the interchange of freight traffic between such members. The BAR's tender of 20 cars to the Maine Central for incorporation in the derailed train was such an interchange.

BAR sought reimbursement from the Maine Central for the alleged damages to the BAR equipment by reason of the derailment. Settlement negotiations between the two railroads proved fruitless and BAR thereupon submitted its claim to the Arbitration Committee of the Mechanical Division of the AAR (Arbitration Case No. 1899) under the arbitration provisions of Rule 122 of that organization. The Committee met in the District of Columbia. The defendant did not appear. The plaintiff prevailed and was awarded $162,450.22.

BAR now asks this Court to enforce the arbitration award.

### III ·

■ As a Court of limited jurisdiction, this Court must first determine whether it has the power to enforce the arbitration award. Since both parties are Maine corporations there is, of course, no basis for diversity jurisdiction. The question becomes therefore whether there is merit to plaintiff's claim that Sec. 9 of the Arbitration Act vests this Court with jurisdiction under 28 U.S.C. 1331, i. e. does the BAR here seek to assert a right arising under a law of the United States?

Section 9 provides:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

■■ The clear weight of authority holds that the Arbitration Act as a whole does not vest independent jurisdiction in a Federal District Court. The Second Circuit Court of Appeals has said, "suits involving the application of the Arbitration Act do not furnish an independent basis of federal jurisdiction." Robert Lawrence Company v. Devonshire Fabrics, 271 F.2d 402, 408 (2d Cir. 1959) Medina, J. "The mere presence of a 'contract evidencing a transaction involving commerce' will not ground Federal jurisdiction. In addition there must be diversity or a right arising under a law of the United States," 29 Corn.L.Q. 74 n.2 (1953). Judge Learned Hand elaborated on this theme saying, " . . . a citizen of New York may not come to

the District Court to enforce arbitration against another citizen of that state (*i. e.* absent diversity) though the goods must be shipped across a state line." Krauss Bros. Lumber Co. v. Louis Bossert and Sons Inc., 62 F.2d 1004 (2d Cir. 1933). This need for independent jurisdictional grounds has also been implicitly recognized in other decisions in the area. Ballatine Books v. Capitol Distributing Co., 302 F.2d 17, (2d Cir. 1962); In Re Woerner, 31 F.2d 283 (2d Cir. 1929). *See* also 56 Colum.L.Rev. 902 (1956) and 17 Law & Contemp. Problems 580 (1952).

In an attempt to distinguish the cited authorities the plaintiff points out that Sec. 9 of the Arbitration Act was not specifically at issue in those suits, and asserts that the statutory language reflects a clear intent to expand the jurisdiction of the District Court rather than merely to provide additional rights to parties already properly before the Court. The cornerstone of plaintiff's position is that Sec. 9 should be read separately from the other provisions of the Arbitration Act.

Considered discretely the general nature of the statutory language lends support to the plaintiff's thesis. However, the Court finds this reasoning would render the Arbitration Act—enacted as a single coordinated piece of legislation in February, 1925—little more than an odd patchwork of individual statutes, bereft of any coherent plan. The BAR reasoning would lead to the conclusion that an independent basis for subject matter jurisdiction must exist when applying for an order to stay a lawsuit pending arbitration (Section 3)[1] and for an order directing the parties to proceed to arbitration (Section 4),[2] but not for

1. Section 3 provides:

   If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court *in which such suit is pending*, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. (emphasis added)

2. Section 4 provides:

   A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, *save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties,* for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that

an entry of judgment following the granting of the award (Section 9). The Court is at a loss to define a federal policy which would require independent federal jurisdiction in the two former instances and not in the latter. The Court holds, accordingly, that the only logical interpretation of the Arbitration Act as a whole is that it does not of itself confer independent federal jurisdiction. *See*, Amalgamated Ass'n v. Southern Bus Line, 189 F.2d (5th Cir. 1951); Swift Industries v. Botany Industries, Inc., 297 F.Supp. 1056 (W.D. Pa.1969); Coastal States Gas Producing Co. v. Producing Properties, 203 F. Supp. 956 (S.D.Tex.1962); Victorias Milling Co. v. Hugo Neu Corp., 196 F. Supp. 64 (S.D.N.Y.1961).

## IV

The plaintiff has suggested alternative grounds for jurisdiction. Specifically plaintiff asserts that since the matter in controversy exceeds $50,000 this Court as a court of local jurisdiction under 11 D.C.Code 501, should recognize this action to enforce an alleged arbitration agreement between the parties independent of the provisions of 9 U.S.C. Sec. 9. But not having available to it Sec. 9 and its liberal service-of-process provisions, *supra*, when this Court sits pursuant to 11 D.C.Code 501,[3] it can only bring defendants under its jurisdiction by the application of the District "Long Arm" Statute, 13 D.C.Code Section 423. That statute provides that a court of the District of Columbia may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim for relief arising from the person's

"(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia, if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia; or

(6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing."

It is clear that the Maine Central has engaged in no conduct which would subject it to the power of this Court under 13 D.C.Code 423.

## V

In light of the foregoing discussion it is this 10th day of May, 1973,

Ordered that defendant's motion to dismiss for lack of subject matter jurisdiction under 9 U.S.C. Sec. 9 be granted; and it is further

Ordered that defendant's motion to quash service of process for want of personal jurisdiction over the defendant be granted.

there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof. (emphasis added)

3. Those provisions apply only to a "United States Court." If jurisdiction be founded on 11 D.C.Code 501, then this Court sits as a Court of the District of Columbia.