**OKLAHOMA CITY ASSOCIATES,**
Plaintiff–Appellee/Cross–
Plaintiff–Appellant,

v.

**WAL–MART STORES, INC.,**
Defendant–Appellant/Cross–
Defendant–Appellee.

Nos. 89–6389, 89–6413.

United States Court of Appeals,
Tenth Circuit.

Jan. 16, 1991.

Rehearing Denied Feb. 26, 1991.

William H. Ewing of Hangley Connolly Epstein Chicco Foxman & Ewing, Philadelphia, Pa. (Claire Rocco, Albert G. Bixler, and Gary A. Rosen of Hangley Connolly Epstein Chicco Foxman & Ewing, Philadelphia, Pa., A. Daniel Woska and Janet Chesley of Naifeh & Woska, Oklahoma City, Okl., with him on the briefs) for plaintiff-appellee/cross-plaintiff-appellant.

Jon B. Comstock of Rosenstein, Fist & Ringold, Tulsa, Okl., (Rodney C. Ramsey and Bruce V. Winston of Stewart & Elder, Oklahoma City, Okl., Craig R. Carver of Gibson, Dunn & Crutcher, Denver, Colo., with him on the briefs) for defendant-appellant/cross-defendant-appellee.

Before MOORE, TACHA and BRORBY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

This is an appeal from a judgment by the district court enforcing an arbitration award pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–15. We conclude the district court did not have subject matter jurisdiction; therefore, we remand with directions to dismiss.

The present dispute began when Wal–Mart Stores, Inc., vacated its space in a shopping center owned by Oklahoma City Associates (OKC) before the lease between the parties (the Lease) expired. Pursuant to an arbitration clause in the Lease, the parties submitted their dispute to an arbitration panel which awarded OKC $330,000 in minimum rent and $570,000 in percentage rent together with interest accruing at 18% a year. Wal–Mart agreed to pay the minimum rent portion but refused to pay the percentage rent and the interest. OKC filed a petition in the district court to confirm the arbitration award under the FAA's summary confirmation procedure. The district court upheld the award in all respects, except for the rate of interest which was reduced to the statutory rate of 8.27% pursuant to 28 U.S.C. § 1961. Wal–Mart now appeals the district court's con-

firmation of the award in No. 89–6389, but defends the reduction of the interest rate in No. 89–6413. We remand for dismissal because of the district court's lack of subject matter jurisdiction to confirm the award under § 9 of the FAA.

## I.  Jurisdiction of the District Court Under § 9 of the FAA

Wal–Mart raises the issue of the district court's lack of subject matter jurisdiction to confirm the award for the first time in this appeal.  It argues § 9 of the FAA limits a federal court's jurisdiction to confirm arbitration awards to only those cases where "the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9.  Since the parties did not include such an agreement in the arbitration clause in the Lease, Wal–Mart argues the district court lacked subject matter jurisdiction under the FAA to confirm this award.  Wal–Mart contends because § 9 concerns subject matter jurisdiction, this issue can be raised at any time.

OKC responds that Wal–Mart has waived any objection to jurisdiction by not raising the issue before the district court.  Specifically, OKC claims that since the FAA by itself does not confer subject matter jurisdiction on the federal courts, "by definition, because the Act itself cannot create subject matter jurisdiction, failure to comply with the strictures of the Act cannot affect the presence (or absence) of subject matter jurisdiction one iota."  In the alternative, OKC argues that even if Wal–Mart can raise this argument for the first time on appeal, Wal–Mart has tacitly consented to resolution under the American Arbitration Association (AAA) Rules by its conduct in proceeding under those rules in the arbitration.  OKC maintains such tacit consent to resolution under the AAA Rules has been held to satisfy the language of § 9 establishing federal court subject matter jurisdiction to confirm.

When the FAA was enacted in 1925, the question arose whether the FAA alone can confer subject matter jurisdiction on the federal courts without an independent jur-

isdictional basis.  This issue was settled in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942, n. 32, 74 L.Ed.2d 765 (1983), in which the Supreme Court held that the FAA requires an independent basis for subject matter jurisdiction, such as 28 U.S.C. § 1331 federal question or 28 U.S.C. § 1332 diversity of citizenship jurisdiction.

However the question of what *kind* of jurisdiction § 9 involves remains unsettled.  Some courts have treated § 9 as addressing the venue of an action to confirm an award, implying it concerns personal jurisdiction which can be waived by the parties.  *See, e.g., Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 748 n. 7 (8th Cir.1986) ("We construe section 9, however, not as creating a jurisdictional barrier, but as a special venue provision."); *Weststar Assocs., Inc. v. Tin Metals Co.*, 752 F.2d 5, 7 (1st Cir.1985).  Other courts have held § 9 is a second level subject matter prerequisite for confirmation of an award under the FAA in federal court.  *See, e.g., I/S Stavborg v. National Metal Converters*, 500 F.2d 424, 425–26 (2d Cir.1974) ("The fact that the question [of district court jurisdiction] was raised for the first time on appeal is immaterial since the jurisdiction of the federal district court is at stake."); *Higgins v. United States Postal Service*, 655 F.Supp. 739 (D.Me.1987) (to confer subject matter jurisdiction under the FAA, the parties must explicitly provide for enforcement in their arbitration agreement or provide corroborating evidence of their intent to have the award confirmed in federal court).

The unambiguous language of § 9 leads us to believe that it creates its own level of subject matter jurisdiction for confirmation under the FAA.  Section 9 conditions applicability of the FAA's summary confirmation process on whether "the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration."  The clear import of this phrase is that there is no federal court jurisdiction to confirm *under the FAA* where such juris-

diction has not been made a part of the arbitration agreement.

We do not suggest, however, that a federal court would not have subject matter jurisdiction to decide this case outside of the FAA. *See Moses H. Cone Memorial Hosp.*, 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32. The requirements of a § 1332 diversity suit are clearly met, for example, in the present case.[1] As this case is postured, however, we are concerned only with subject matter jurisdiction under the FAA. That, of course, determines whether Wal–Mart may object to jurisdiction for the first time on appeal. We hold that § 9 pertains to subject matter jurisdiction and, therefore, Wal–Mart can raise the issue of federal court jurisdiction to confirm this award under the FAA for the first time on appeal. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702 (1951); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909–10 (10th Cir. 1974).

## II. Federal Court Jurisdiction to Confirm This Award Under the FAA

The arbitration clause in the Lease reads: Any controversy which shall arise between the Lessor and the Lessee regarding the rights, duties, or liabilities hereunder by either party shall be settled by arbitration. Such arbitration shall be before one disinterested arbitrator if one can be agreed upon, otherwise, before three disinterested arbitrators—one named by the Lessor, one by the Lessee, and one by the two thus chosen. The arbitrator or arbitrators shall determine the controversy in accordance with the laws of the State of Oklahoma as applies to the facts found by him or them.

We note at the outset that this clause does not contain either one of two provisions commonly found in arbitration clauses: (1) a "finality" provision, such as, "the parties agree that the arbitration award will be final and binding," *see, e.g., Booth v. Hume Publishing, Inc.*, 902 F.2d 925,

930 (11th Cir.1990); *I/S Stavborg*, 500 F.2d at 425–26; or (2) an "AAA Rules" provision, such as, "the parties agree that the rules of the American Arbitration Association shall govern this arbitration." *See, e.g., Milwaukee Typographical Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386, 389–90 (7th Cir.), *cert. denied*, 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 119 (1981); *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1273 (7th Cir.1976).

We have found no court, absent explicit consent to have judgment entered and absent both a finality clause and an AAA Rules clause in the contract, that has found consent to have judgment entered by mere participation in an arbitration hearing. Neither have we found a court that has addressed the issue of whether a party proceeding under the AAA Rules in an arbitration can be deemed to have consented to the full panoply of these rules, including AAA Rule 47(c)'s assumption of consent to have judgment entered.

While there have been disagreements on exactly what arbitration clause language is necessary to show consent to federal court jurisdiction under the FAA, some courts have found that a finality clause is enough to constitute an agreement to have judgment entered by a federal court under § 9 because this would be the only way to fulfill the parties' intent to make the award final and binding. *Booth*, 902 F.2d at 930; *I/S Stavborg*, 500 F.2d at 425–26; *Milwaukee Typographical Union No. 23*, 639 F.2d at 389–90. Although this exception is well-established, its logic is questionable because § 9 requires that the consent to have judgment entered be "in the agreement." *See Higgins*, 655 F.Supp. at 743 (finality clause absent other corroborating evidence is not explicit enough to show intent of the parties to have judgment entered). Also, without more, it is equally plausible that a finality clause could be interpreted to mean the parties intended to have the award enforced in *state* rather than federal court. However, since there is no finality provision in the arbitration clause before us, the

---

**1.** Neither party has contested the existence of diversity of citizenship to confer federal court jurisdiction under 28 U.S.C. 1332.

issue of the finality exception to the plain language of § 9 is not before this court.

Several courts have held that an agreement in the arbitration clause to abide by the AAA Rules satisfies § 9's jurisdictional requirements. These courts reach that conclusion because AAA Rule 47(c) states that parties to the AAA Rules are deemed to have consented to have judgment entered upon the award in a federal or state court. *See, e.g., Milwaukee Typographical Union No. 23*, 639 F.2d at 389–90; *but see Division 1287, Amalgamated Transit Union AFL–CIO v. Kansas City Area Transp. Auth.*, 485 F.Supp. 856, 859–62 (W.D.Mo.1980); *Varley v. Tarrytown Assoc. Inc.*, 477 F.2d 208, 210 (2d Cir.1973) (a pre-Rule 47(c) holding that the language of § 9 requires some form of consent in the agreement to have judgment entered). OKC's argument here is that, although there is no explicit consent to be governed by the AAA Rules in the contract, Wal-Mart implicitly consented to the Rules, and thus to Rule 47(c)'s consent to judgment, by failing to object to the use of the Rules in the arbitration hearing.

We have examined the record to determine if it is necessary to consider whether an inference reasonably could be drawn that Wal-Mart implicitly consented to the full force of the AAA Rules by its actions during the arbitration proceeding. A review of the transcript of the arbitration proceeding reveals nothing that could be construed as constituting Wal-Mart's consent to proceed under the full and exclusive force of the AAA Rules.[2] The only statement in the record concerning Wal-Mart's consent to the AAA's Rules appears in OKC's assertions in the pleadings and briefs. Therefore, there is no evidence in the record to support OKC's claim that Wal-Mart implicitly consented to the AAA Rules and specifically to Rule 47(c).

Resolution of the jurisdictional issue in this appeal, however, does not depend on whether Wal-Mart implicitly consented to the AAA Rules during the arbitration proceeding. Section 9 requires *some* manifestation of the agreement to have judgment entered in the contract itself. There is no language in the Lease that would provide even a beachhead for imputing consent into the clause through Wal-Mart's behavior.[3]

OKC has failed to point out any language in the arbitration clause that either explicitly or implicitly demonstrates an intent of the parties to have judgment entered on an arbitration award. Therefore, OKC has not fulfilled the jurisdictional requirements of § 9 of the FAA, and the district court was without jurisdiction to confirm this award under the FAA.

REVERSED WITH DIRECTIONS TO DISMISS THE COMPLAINT.

---

**2.** While the AAA Rules were sometimes referred to, this arbitration proceeding was characterized by a series of ad hoc procedural rulings tailored to the needs of this case. R. III, 77, 106, 197; R. IV, 412–18; R. VI, 683, 784. For example, although the parties discussed the AAA's rule concerning the order of presentation of the closing argument, they eventually agreed to discard the AAA procedure and make up their own. R. III, 514–17.

**3.** Any argument that there was an oral modification of the arbitration clause incorporating consent to be governed by the AAA Rules fails because the contract contains an explicit provision that all modifications be made in writing. Lease Agreement ¶ 31(D). Remand to the district court to determine whether Wal-Mart orally consented to have the award confirmed would be futile because the arbitration clause itself contains neither a finality provision, nor an AAA Rules provision, nor any other provision demonstrating an intent of the parties to have judgment entered on the award.