**NEW HOPE BAPTIST CHURCH,
Plaintiff,**

**v.**

**DESIGN BUILDING INTERIORS,
INC., Defendant.**

Civ. A. No. 92–139 (CRR).

United States District Court,
District of Columbia.

April 9, 1992.

Winifred E. Cannon, Winifred E. Cannon & Associates, Langley Park, Md., for plaintiff.

### ORDER

CHARLES R. RICHEY, District Judge.

Invoking 9 U.S.C. § 9, the Plaintiff has filed a Motion to Confirm and Enforce the Arbitrator's Award in the above-captioned case. The Defendant did not file any written opposition nor did the Defendant appear at the March 23, 1992 oral argument. Upon review of the case precedent, however, it appears that the Court lacks subject matter jurisdiction over the above-captioned case. Thus, the Court must dismiss the Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1).

Rule 12(h) of the Federal Rules of Civil Procedure provides that "[w]henever it appears ... that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action." A careful review of the Plaintiff's Complaint, as well as the Plaintiff's assertions at the oral argument, make clear that the Court does not have jurisdiction over this case. Contrary to the Plaintiff's claims at the oral argument, 9 U.S.C. § 9 does not, in and of itself, confer federal subject matter jurisdiction over actions to enforce arbitration awards. Rath-

er, in order to bring an action in federal court to enforce an arbitration award, the Plaintiff must establish an independent basis for federal court jurisdiction such as diversity of citizenship or the existence of some federal question. *See, e.g., Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983) ("The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor the agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise"); *Harry Hoffman Printing v. Graphic Communications Labor Union,* 912 F.2d 608, 611 (2d Cir.1990) (citing, *Ballantine Books, Inc. v. Capital Distrib. Co.,* 302 F.2d 17, 19 (2d Cir.1962)); *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968 (9th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1981), *reh'g denied,* 456 U.S. 939, 102 S.Ct. 1999, 72 L.Ed.2d 460 (1981); *Bangor & Aroostock R'way v. Maine Central R'way,* 359 F.Supp. 261 (D.D.C.1973).

■ Plaintiffs cannot, on the basis of the Complaint, establish such an independent basis of federal jurisdiction. First, there is no federal question within the confines of 28 U.S.C. § 1331 in this contract dispute. Secondly, the Plaintiffs have not established diversity jurisdiction under 28 U.S.C. § 1332. Although the Plaintiff is allegedly a Maryland resident and the Defendant is allegedly a Virginia resident, the Complaint does not afford any basis upon which this Court could find that the amount in controversy in the arbitration proceeding exceeded $50,000, as is required for diversity jurisdiction. *See In re Marcy Lee Mfg. Co. & Cortley Fabrics Co.,* 354 F.2d 42 (2d Cir. 1965) (amount in controversy is determined according to the amount the parties might obtain from the arbitration itself); *Quick & Reilly, Inc. v. Saglio,* 717 F.Supp. 822 (S.D.Fla.1989) (dismissing arbitration case for failure to meet $50,000 jurisdictional requirement). The allegations of the Complaint and the Plaintiff's Motion for Summary Judgment make clear that the Plain-

tiffs cannot meet the $50,000 jurisdictional requirement. Plaintiff seeks $19,080, plus interest from December 13, 1991, plus $1,562.50 in attorney's fees and $120 in costs. *See* Affidavit in Support of Plaintiff's Motion for Summary Judgment at ¶ 4, filed March 13, 1992. *At most,* the arbitration award and the proceedings incident to it involve a claim barely in excess of $21,-000. For these reasons, the Court lacks subject matter jurisdiction and must dismiss the above-captioned case.

Accordingly, it is, by this Court, this 9th day of April, 1992,

ORDERED that, pursuant to Fed. R.Civ.P. 12(b)(1) and 12(h), the above-captioned case shall be, and hereby is, DISMISSED for lack of subject-matter jurisdiction.