WISCONSIN COMMISSIONER OF INSURANCE as Liquidator of WMBIC Indemnity Corporation, Successor to MGIC Indemnity Corporation, Movant,

v.

CALIFORNIA REINSURANCE MANAGEMENT CORPORATION, on behalf of its participants, and Excess and Treaty Management Corp., on behalf of Member of Excess and Casualty Reinsurance Association, Respondents.

No. 92–C–0857.

United States District Court, E.D. Wisconsin.

April 20, 1993.

any agency terms, "key terms" or not.

Quarles & Brady, Jeffrey Morris & Donald Schott, Milwaukee, WI for movant.

Hale & Lein, Russell Lein & Christopher Hale, Wauwatosa, WI, Lord, Bissell & Brook, Nick J. DiGiovanni, Pamela M. Jimenez, Chicago, IL for respondents.

## DECISION AND ORDER

RANDA, District Judge.

This matter comes before the Court on movant's Motion to Remand the case to Milwaukee County Circuit Court. The movant also seeks its attorney's fees and other costs incurred in having to file and brief this motion. In a brief order dated April 9, 1993, the Court granted the remand motion, indicating that a written decision explaining the Court's reasoning would follow. The following constitutes the Court's written decision in the matter.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute concerning the arbitration of claims made under certain reinsurance agreements. The case was initially filed in Milwaukee County Circuit Court on July 29, 1992. The movant, Wisconsin Commissioner of Insurance as Liquidator of WMBIC Indemnity Corporation, Successor to MGIC Indemnity Corporation ("the Liquidator"), sought to correct and confirm an award issued by the panel in the underlying arbitration. On August 14, 1992, the case was removed to federal court by the respondents, California Reinsurance Management Corporation and Excess and Treaty Management Corporation ("the Reinsurers"), who claim the case falls within the Court's federal question jurisdiction. The Liquidator moved to remand the case back to state court for lack of subject matter jurisdiction. Because the Court finds that it does not have subject matter jurisdiction over the claims involved, the case is remanded without addressing the motion to confirm.

## LEGAL ANALYSIS

The Reinsurers argue that the underlying arbitration proceedings were governed by the Federal Arbitration Act ("FAA" or "the Act"), codified at 9 U.S.C. §§ 1, et seq., and that as such the case falls within the Court's federal question jurisdiction. More specifically, the Reinsurers claim that Section 9 of the FAA creates subject matter jurisdiction in federal courts for motions to confirm arbitration awards. Section 9 reads as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C.A. § 9.

The Liquidator argues that nothing in the FAA provides an independent basis for fed-

eral subject matter jurisdiction. Rather, Section 9 of the Act must be read in connection with other sections of the Act that expressly require a basis for subject matter jurisdiction separate from the FAA. Specifically, the Liquidator relies upon Section 4 of the Act, which reads as follows:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C.A. § 4.

Read literally, these two sections of the Act might appear to establish different jurisdictional requirements for different types of proceedings. Thus, the Reinsurers argue, a motion to compel arbitration under Section 4 of the Act requires a separate basis for federal jurisdiction, while a motion to confirm an arbitration award under Section 9 does not. Section 9 therefore *creates* subject matter jurisdiction so long as the other requirements of the section are met, *i.e.*, so long as the arbitration clause includes an agreement to enter judgment on the award and so long as the arbitration took place within the federal district at issue. A review of the relevant case law, however, makes clear that this interpretation is incorrect.

We begin with the "fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968 (9th Cir.1981), *cert. denied*, 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982), quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). Thus, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *General Atomic*, 655 F.2d at 968–69, citing *Califor-*

*nia ex. rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir.1979).

The U.S. Supreme Court has stated, by way of dicta contained in a footnote, that the FAA does not create an independent basis for federal subject matter jurisdiction, at least in cases where the plaintiff seeks an order compelling arbitration under Section 4:

The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 25, n. 32, 103 S.Ct. 927, 941, n. 32, 74 L.Ed.2d 765 (1983). Other federal courts have reached the same conclusion in cases involving Section 4 motions to compel arbitration. *See generally, Mesa Operating Limited Partnership v. Louisiana Intrastate Gas Corporation*, 797 F.2d 238 (5th Cir.1986); *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283 (9th Cir.1984).

The jurisdictional requirements contained in Section 4 have also been applied to confirmation proceedings brought under Section 9 of the Act. For example in *General Atomic*, cited above, a federal district court dismissed a Section 9 motion to confirm for lack of subject matter jurisdiction. The Ninth Circuit affirmed the decision on appeal, rejecting the very argument advanced here by the Reinsurers:

GAC argues that subject matter jurisdiction for confirmation of an arbitration award arises from the very language of section 9. We disagree, however, and feel that such an interpretation would work great mischief to the overall scheme of the Arbitration Act. In particular, that interpretation presents a significant possibility

of eviscerating the clear limits on federal jurisdiction contained in sections 3 and 4. GAC's expansive interpretation would mean, for example, that a district court lacking jurisdiction to compel arbitration under section 4 might nonetheless threaten to confirm a subsequent ex parte award under section 9. Such a threat would have a substantial compulsory effect. We cannot approve an interpretation which would achieve by indirection that which Congress has clearly forbidden.

\* \* \* \* \* \*

We hold that applicants who, in federal district court, seek confirmation of an arbitration award under 9 U.S.C. s 9, must demonstrate independent grounds of federal subject matter jurisdiction. The provisions of 9 U.S.C. s 9 do not in themselves confer subject matter jurisdiction on a federal district court.

*General Atomic*, 655 F.2d at 969.

Another illustrative case is *Bangor and A.R. Co. v. Maine C.R. Co.*, 359 F.Supp. 261 (D.D.C.1973). That case also involved a Section 9 motion to confirm which the defendant resisted on grounds of subject matter jurisdiction. As here, "[t]he cornerstone of plaintiff's position [was] that Sec. 9 should be read separately from the other provisions of the Arbitration Act." *Id.*, at 263. The Court rejected this position as illogical:

Considered discretely the general nature of the statutory language lends support to the plaintiff's thesis. However, the Court finds this reasoning would render the Arbitration Act—enacted as a single coordinated piece of legislation in February, 1925— little more than an odd patchwork of individual statutes, bereft of any coherent plan. The BAR reasoning would lead to the conclusion that an independent basis for subject matter jurisdiction must exist when applying for an order to stay a lawsuit pending arbitration (Section 3) and for an order directing the parties to proceed to arbitration (Section 4), but not for an entry of judgment following the granting of the award (Section 9). The Court is at a loss to define a federal policy which would require independent federal jurisdiction in the two former instances and not in the latter. The Court holds, accordingly, that the only logical interpretation of the Arbitration Act as a whole is that it does not of itself confer independent federal jurisdiction.

*Id.*, at 263–64. Every other federal court that has addressed the issue has held that the jurisdictional requirements contained in Section 4 of the Act apply to proceedings brought under Section 9 and/or other provisions of the Act. *See generally, Harry Hoffman Printing, Inc. v. Graphic Communications International Union, Local 261*, 912 F.2d 608 (2nd Cir.1990) (interpreting Section 10 of the Act); *Williams v. Beyer*, 455 F.Supp. 482 (D.N.H.1978) (involving a motion to confirm under Section 9 and a motion to vacate under Section 10); *Dorn v. Dorn's Transportation, Inc.*, 562 F.Supp. 822 (S.D.N.Y.1983) (interpreting Section 9 of the Act); *Quick & Reilly, Inc. v. Saglio*, 717 F.Supp. 822 (S.D.Fla.1989) (interpreting Section 9 of the Act); *New Hope Baptist Church v. Design Building Interiors, Inc.*, 789 F.Supp. 19 (D.D.C.1992) (interpreting Section 9 of the Act).

More importantly, the Seventh Circuit has twice indicated, albeit in dicta, that it agrees with the foregoing authorities. The first indication came in *Comprehensive Accounting Corporation v. Rudell*, 760 F.2d 138 (7th Cir.1985), where the Court rejected an objection to subject matter jurisdiction precisely because an independent basis for federal jurisdiction existed (*i.e.*, diversity of citizenship). There, for purposes of argument, the Seventh Circuit "assumed" that the jurisdictional requirements of Section 4 apply to Section 9 proceedings:

But there is no question of the district court's jurisdiction over this confirmation action. Although section 9 does not refer to any jurisdictional requirements for enforcing arbitration awards; other than the award itself, we may assume, following Wright & Miller, that the jurisdictional requirements for other proceedings under the Arbitration Act, see e.g., 9 U.S.C. s 4, are applicable to section 9 proceedings too. But they are satisfied here.

*Id.*, 760 F.2d at 141. (Citations omitted.) The second indication came in *Transporta-*

*tion Cybernetics Inc. v. Forest Transit Com.,* 950 F.2d 350 (7th Cir.1991), where the Court discussed the issue in a footnote, noting that both parties in the confirmation suit had wrongfully assumed that jurisdiction could be based on the FAA alone:

> Both parties believed that the district court's jurisdiction was based on the Arbitration Act itself. We believe they are mistaken. The Supreme Court has noted that sections 3 and 4 of the Arbitration Act do not supply federal question jurisdiction. [citing *Moses H. Cone* ] The Ninth Circuit has applied this conclusion to section 9 actions as well. [citing *General Atomic* ] This court has also stated, although in dictum, that section 9 requires independent federal jurisdiction. [citing *Comprehensive* ] Thus both parties were apparently incorrect in their assessment of our jurisdiction.

*Id.,* 950 F.2d at 351, n. 1. (Citations omitted.)

Lastly, none of the cases cited by the Reinsurers stand for the proposition that Section 9 alone creates federal subject matter jurisdiction. In many of the cases a separate basis for subject matter jurisdiction already existed, such as diversity or federal question jurisdiction, such that the issue was never even raised or addressed. *See generally, Compania Chilena De Navegacion Interoceanica, S.A. v. Norton, Lilly & Co.,* 652 F.Supp. 1512 (S.D.N.Y.1987); *Colavito v. Hockmeyer Equipment Corporation,* 605 F.Supp. 1482 (S.D.N.Y.1985); *Milwaukee Typographical Union v. Newspapers, Inc.,* 639 F.2d 386 (7th Cir.1981); *Commonwealth Edison Company v. Gulf Oil Corp.,* 541 F.2d 1263 (7th Cir.1976).[1] Other cases focused on whether the underlying agreement provided that the arbitration award would be "final", or entered as a judgment in a court of law, in keeping with other requirements of Section 9 not at issue here. *See generally, Rainwater v. National Home Insurance Company,* 944 F.2d 190 (4th Cir.1991); *Booth v. Hume Pub., Inc.,* 902 F.2d 925 (11th Cir.1990); *I/S Stavborg (O.H. Meling, Manager) v. National Metal Converters, Inc.,* 500 F.2d 424 (2nd

---

**1.** There is some language in the *Commonwealth* case which, taken out of context, can be read to imply that a suit under the FAA presents a federal question which alone confers federal subject matter jurisdiction. *Commonwealth* was a diversity action brought under Section 4 to compel arbitration. Because there was diversity between the parties, the issue of whether there needed to be a separate basis for federal subject matter jurisdiction was never raised or addressed. The federal suit, however, was filed after the appellants had filed a state court action in Illinois seeking a declaratory judgment that no underlying agreement to arbitrate existed. The state court suit was unsuccessful in both the trial and appellate courts, but an appeal to the Illinois Supreme Court was still pending at the time the federal suit was filed. This procedural context provided the basis for appellants' argument that the federal suit should be dismissed because of an Illinois statute requiring dismissal when "there is another action pending between the same parties for the same cause". *Commonwealth,* 541 F.2d at 1271. Because the case was a diversity suit, appellants argued, the Erie doctrine required the application of state law, including the foregoing statute. The Seventh Circuit rejected this argument in language that could be read to support the Reinsurers' position here:

> As appellee contends, however, this action is not a simple diversity suit, but involves federal rights asserted under the Federal Arbitration Act. Were it simply a diversity suit involving a non-federal claim, the Erie doctrine would require the court to consider Illinois law. Erie and its progeny do not bind federal courts where rights are asserted under an act of Congress.
>
> ※     *     *     *     *     *
>
> Here, however, we have a federal question. This action to compel arbitration pursuant to s 4 of the Federal Arbitration Act is a suit involving rights governed by act of Congress.

*Id.,* at 1271–72.

Upon closer review, it is clear that the foregoing language cannot be read to imply that the FAA by itself creates federal question jurisdiction for this Court. Since *Commonwealth* was decided, the Seventh Circuit has twice expressed its opposition to this position in both the *Comprehensive* and *Transportation Cybernetics* decisions. Moreover, it is important to note that *Commonwealth* was a Section 4 suit to compel arbitration. Section 4 expressly states that it *does not* confer federal subject matter jurisdiction and that a separate basis for federal jurisdiction must exist before a federal district court may proceed. Given this legal context, clearly one cannot read the foregoing language as the Seventh Circuit's indirect attempt to rewrite the express language of Section 4, which is how one would have to read it in order to find it relevant here. The more reasonable interpretation is that the language is only relevant to an Erie analysis under the FAA, and carries no implications for any jurisdictional analysis thereunder.

Cir.1974). In fact, the only case relied upon by the Reinsurers which even discusses the issue is *Oklahoma City Assoc. v. Wal–Mart Stores, Inc.,* 923 F.2d 791 (10th Cir.1991), and that case actually supports the Court's conclusions here. *Oklahoma City* involved a Section 9 motion to confirm which the Tenth Circuit dismissed for lack of subject matter jurisdiction, not because there was no independent basis for federal jurisdiction (the parties were diverse), but because the underlying arbitration agreement did not contain a clause stating that a judgment would be entered on the award. *Oklahoma City,* 923 F.2d at 794–95. As for the former issue, the Court clearly stated that *Moses H. Cone* had already held that the FAA did not by itself confer federal subject matter jurisdiction:

> When the FAA was enacted in 1925, the question arose whether the FAA alone can confer subject matter jurisdiction on the federal courts without an independent jurisdictional basis. This issue was settled in [*Moses H. Cone*], in which the Supreme Court held that the FAA requires an independent basis for subject matter jurisdiction, such as 28 U.S.C. s 1331 federal question or 28 U.S.C. s 1332 diversity of citizenship jurisdiction.

*Id.,* 923 F.2d at 793. (Citations omitted.)

■ Based on the foregoing authorities, the Court holds that a party seeking to confirm an arbitration award in federal district court pursuant to Section 9 of the FAA must first establish a separate basis for federal subject matter jurisdiction. There being no basis asserted here for federal jurisdiction other than the FAA, the case must be remanded. However, given the confusing nature of the language contained in the FAA, and the absence of any holdings by the Seventh Circuit on the issue, the Court will deny the Liquidator's request for attorney's fees.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The Liquidator's motion to remand is granted and the case is remanded to the Milwaukee County Circuit Court for further proceedings; and

2. The Liquidator's request for attorney's fees and other costs is denied.

**SO ORDERED.**