11 ARMSTRONG, Judge.
This is an appeal from a default judgment in an action to annul a judgment enforcing an arbitration award and a judgment granting a cross-claim for indemnification. The action for nullity was premised on the ground that “venue and/or jurisdiction” had been improper in the action which had resulted in the judgments to be annulled. We hold that, on the undisputed facts, there was no legal basis to annul the judgments enforcing the arbitration award and granting indemnification. Therefore, the default judgment must be reversed.
A dispute arose over a real estate commission between Latter & Blum, Robert W. Merrick and Michael J. Fálgoust, on the one hand, and Mary Ann Casey d/b/a REMAX New Orleans Properties and Wayne P. Hed-derel, on the j2other hand. The dispute was submitted to arbitration. The arbitration resulted in an award in favor of Latter & Blum, Mr. Merrick and Mr. Falgoust and against Ms. Casey d/b/a REMAX and Mr. Hedderel. The arbitration took place, and the arbitration award was made, in Baton Rouge.
Subsequently, Latter & Blum, Mr. Merrick and Mr. Falgoust filed suit in the Civil District Court For the Parish of Orleans against Ms. Casey d/b/a REMAX and Mr. Hedderel seeking to enforce the arbitration award (hereinafter “the Arbitration Enforcement Action”). Ms. Casey d/b/a REMAX filed a cross-claim against Mr. Hedderel. That cross-claim alleged that, under a contract titled “Independent Contractor Agreement,” Mr. Hedderel owed Ms. Casey d/b/a REMAX indemnity for any amount for which she was cast in judgment to Latter & Blum, Mr. Merrick and Mr. Falgoust. Latter & Blum, Mr. Merrick and Mr. Falgoust moved for summary judgment on their claim against Ms. Casey d/b/a REMAX and Mr. Hedderel and Ms. Casey d/b/a REMAX moved for summary judgment on her cross-claim against Mr. Hedderel. A hearing was held on both motions for summary judgment, at which all parties were represented by counsel, and both motions for summary judgment were granted. Thus, the Arbitration Enforcement Action ended with a judgment in favor of Latter & Blum, Mr. Merrick and Mr. Falgoust and against Ms. Casey d/b/a RE-MAX and Mr. Hedderel for $11,703.93 plus $1,500.00 attorney’s fees and a judgment for the same amounts in favor of Ms. Casey d/b/a REMAX and against Mr. Hedderel. No appeals were taken from that judgment.
Much later, Mr. Hedderel initiated the present action by filing a Petition To Annul Judgment in which he named as defendants Latter & Blum, Mr. Merrick, Mr. Falgoust and Ms. Casey d/b/a REMAX. Mr. Hedder-el alleged in that petition |3that the court in which the Arbitration Enforcement Action had been filed, the Civil District Court For the Parish of Orleans, lacked “venue and/or jurisdiction” for that action. Aso in that petition, Mr. Hedderel prayed that the judgments against him in the Arbitration Enforcement Action be annulled. Mr. Hedder-el’s petition asserted that the Civil District Court For the Parish of Orleans was not the proper court for the Arbitration Enforcement Action because the arbitration was conducted, and the arbitration award rendered, in Baton Rouge and, therefore, the proper court for that action was the Nineteenth Judicial District Court (i.e. East Baton Rouge Parish).
*611 Mr. Hedderel allegedly had his Petition To Annul Judgment served upon Ms. Casey d/b/a REMAX.[1] Apparently, there was no timely responsive pleading by Ms. Casey d/b/a REMAX, and a preliminary default was taken. A hearing to confirm the default was held, at which only Mr. Hedderel testified, and a default judgment was signed that same day. Mr. Hedderel testified simply that the arbitration had been held in Baton Rouge, that he had never been served with any papers for any enforcement action in a court in Baton Rouge, and that the only such enforcement action served upon him was the Arbitration Enforcement Action filed in the Civil District Court For the Parish of Orleans. The default judgment stated that the judgment in the Arbitration Enforcement Action on Ms. Casey d/b/a REMAX’s cross-claim against Mr. Hedderel was “declared null and void and has no legal effect.” Ms. Casey d/b/a REMAX appeals from that default judgment.
Because we do not have before us in the present appeal any issues as tojjthe procedural aspects of the default judgment, “our review is limited to determining whether there was sufficient competent evidence introduced to support the default judgment entered.” Akerman v. Dawes, 94-0757 (La. App. 4th Cir. 1/19/95), 658 So.2d 1270, 1271-72. Under Article 1702 of the Code of Civil Procedure, which Article governs confirmation of default judgments, the plaintiff must put on “a prima facie case with competent evidence, as fully as though each allegation in the petition had been denied.” Orleans Sheet Metal Works and Roofing, Inc. v. Landis Company, Inc., 96-0029 (La.App. 4th Cir. 7/24/96), 678 So.2d 73, 74. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Orleans Sheet Metal, supra; Akerman, supra. See Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993); Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989).
The assertion in Mr. Hedderel’s Petition To Annul Judgment that “jurisdiction and/or venue” for the Arbitration Enforcement Action was not proper in Orleans Parish can be interpreted as an objection to one or more of: (a) venue; (b) personal jurisdiction; or (c) subject matter jurisdiction. We turn first to venue and personal jurisdiction. Ms. Casey d/b/a REMAX’s brief on appeal asserts repeatedly and at length that Mr. Hedderel never filed in the Arbitration Enforcement Action any declinatory exceptions of improper venue or lack of personal jurisdiction. We do not have before us the record from the Arbitration Enforcement Action but Mr. Hedderel’s brief on appeal does not in any way contradict Ms. Casey d/b/a RE-MAX’s brief on this point. That is, Mr. Hedderel’s brief on appeal does not in any way assert or even imply that he did file in the Arbitration Enforcement Action any dec-linatory exceptions of improper venue or |5lack of personal jurisdiction. To the contrary, the sole argument of Mr. Hedderel’s brief on appeal is that the Civil District Court For the Parish of Orleans did not have subject matter jurisdiction over the Arbitration Enforcement Action. Thus, we will take as conceded by Mr. Hedderel that he did not file in the Arbitration Enforcement Action any declinatory exceptions of improper venue or lack of personal jurisdiction' Consequently, we conclude that any improper venue or lack of personal jurisdiction for the Arbitration Enforcement Action was waived by failure to file declinatory exceptions to raise those issues in the Arbitration Enforcement Action. La.Code Civ.Proc. arts. 6(A)(3), 44, 925(c).
We turn now to the crux of this appeal which is Mr. Hedderel’s argument that the Civil District Court For the Parish of Orleans did not have subject matter jurisdiction over the Arbitration Enforcement Action. Mr. Hedderel bases this argument on the Louisiana Arbitration Law, which states in pertinent part:
At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made *612 for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.
La.R.S. 9:4209 (emphasis added).
The issue, quite simply, is whether the statute’s provision for an application for an order enforcing an arbitration award in “the court in and for the parish within which the award was made” (in this case, East Baton Rouge Parish) governs courts’ subject matter jurisdiction over such applications. Mr. Hed-derel argues that the statute does govern subject matter jurisdiction, that subject matter jurisdiction cannot be waived, and that' lack of subject matter jurisdiction is a | aground to annul a judgment. Ms. Casey d/b/a RE MAX argues that the statute does not govern subject matter jurisdiction and that, instead, it addresses only venue and that (as held above) venue was waived.
We believe that the statute, La.R.S. 9:4209, addresses only venue and not subject matter jurisdiction. The statute specifies in which parish an action should be brought to enforce an arbitration award. Thus, the statute addresses venue because: “Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject.” La.Code Civ. Proc. art. 41. Also, generally speaking, proper venue is determined by the parish in which parties reside, events occur or things are located. See La.Code Civ.Proe. arts. 42, 71-85.
The statute at issue, La.R.S. 9:4209, is thus typical of venue statutes in specifying the court in which an action should be brought in terms of the parish in which the arbitration award was made. In contrast, subject matter jurisdiction does not typically address the particular court in which to bring an action in terms of the parish in which an event occurred but, instead, addresses other considerations:
Jurisdiction over the subject matter is the legal power- and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.
La.Code Civ.Proe. art. 2.
ROur view that the statute at issue, La. R.S. 9:4209, addresses venue rather than subject matter jurisdiction is reinforced by the similar views taken by various courts of the equivalent provision of the Federal Arbitration Act.[2]
In particular, in Loral Corp. v. Swiftships, Inc., 77 F.3d 420 (11th Cir.1996), the court stated: “Section 9 defines the appropriate venue for confirming an arbitration agreement and grants personal jurisdiction over the parties to the agreement; it does not limit subject matter jurisdiction.” Also, in Richard Moss v. Prudential-Bache Securities, Inc., 581 A.2d 1138 (Del.1990), the court stated: “Section Nine of the [Federal Arbitration] Act is merely a venue statute and was never intended to create exclusive federal question subject matter jurisdiction in the federal courts.” More generally, numerous federal courts have held that Section 9 of the Federal Arbitration Act does not create federal subject matter jurisdiction. See, e.g., Calvello v. Yankton Sioux Tribe, 899 F.Supp. 431, 435 (D.S.D.1995), appeal dismissed, 89 F.3d 840 (8th Cir.1996); Wisconsin Commissioner of Insurance v. California Reinsurance Management Corp., 819 F.Supp. 797, 802 (E.D.Wis.1993); TM Marketing, Inc. v. Art & Antiques Associates, L.P., 803 F.Supp. 994, 997-98 (D.N.J.1992); New Hope Baptist Church v. Design Building Interiors, Inc., 789 F.Supp. 19 (D.D.C.1992).
Thus, because we do not believe that La. R.S. 9:4209 addresses subject matter jurisdiction, that statute is not a basis to annul a judgment in the Arbitration Enforcement Action. Accordingly, we reverse the default *613 judgment of the trial court and render judgment dismissing this action.

REVERSED AND RENDERED.

. Apparently, there are proceedings pending below challenging the sufficiency of citation and service of process, but those issues are not before us on this appeal.

. We previously have held that the language of La.R.S. 9:4209 is consistent with 9 U.S.C.A. § 9 which is the provision of the Federal Arbitration Act providing for enforcement of arbitration awards. Rauscher Pierce Refsnes, Inc. v. Flatt, 95-1667 (La.App. 4th Cir. 2/29/96), 670 So.2d 537, 539 n. 5.