**COMPREHENSIVE ACCOUNTING
CORPORATION,**
Petitioner-Appellee,

v.

**Glenn L. RUDELL and Jean C. Rudell,
Respondents-Appellants.**

No. 84–1163.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 19, 1984.

Decided April 12, 1985.

Bruce C. Davidson, Chicago, Ill., for petitioner-appellee.

Cary S. Fleischer, Mass, Miller & Josephson, Ltd., Chicago, Ill., for respondents-appellant.

Before CUMMINGS, Chief Judge, and CUDAHY and POSNER, Circuit Judges.

POSNER, Circuit Judge.

This appeal from an order enforcing an award by a commercial arbitrator raises the question whether a person against whom such an award is made can be barred from challenging the validity of the original agreement to arbitrate if he delays his challenge until the person in whose favor the award was made sues to enforce it. The Rudells signed a contract with Comprehensive Accounting Corporation to acquire an accounting franchise. The contract, which both Rudells signed (Mrs. Rudell attesting the validity of her husband's signature), contained a standard arbitration clause, which Comprehensive later invoked after terminating the Rudells' franchise. Although notified of the arbitration, the Rudells refused to participate. Mr. Rudell wrote the arbitrator, "I can't afford to go to Chicago [for the arbitration] and can't see that there is anything left to arbitrate." But the arbitration went forward anyway, and resulted in an award to Comprehensive of both damages and equitable relief. Pursuant to the arbitration clause, Comprehensive moved for confirmation by a federal district court in this circuit under section 9 of the United States Arbitration Act, 9 U.S.C. § 9—that is, moved for a judicial order that the Rudells comply with the arbitrator's award. The Rudells opposed confirmation on a variety of grounds, all of which the district court rejected. On appeal the Rudells argue only that the court should not have rejected, as too late, their offer to prove that they did not actually know about the arbitration clause. The basis of the offer is a letter to them from Comprehensive's counsel, acknowledging that he had not sent them a copy of the executed contract and that they might therefore not be "fully aware of all the nuances" of certain restrictions (restrictions not related to the arbitration clause) in the contract.

If a party refuses to arbitrate a dispute, and an order that he arbitrate it is sought in federal district court under section 4 of the Arbitration Act, the issue whether there was an agreement to arbitrate is for the court to decide. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402–04, 87 S.Ct. 1801, 1805–

06, 18 L.Ed.2d 1270 (1967). But once a matter has gone through arbitration and an award has been issued, the grounds on which a court asked to confirm (enforce) the award can refuse to do so are limited, so far as pertinent here, to cases "where the arbitrators exceeded their powers," 9 U.S.C. § 10(d). If there had been no arbitration clause, or if the Rudells had claimed that the clause was invalid and nevertheless the arbitrator had gone ahead and made an award against them, he might well (in the first case, clearly would) have exceeded his powers. But that is not this case. There is an arbitration clause, and the Rudells concede that it covers this dispute. They were notified of the arbitration, and while refusing to participate in it did not challenge the arbitrator's authority to proceed in their absence, as the clause (by incorporation of the American Arbitration Association's rules) allowed if the Rudells had notice of the arbitration—as they did—and refused to participate—as they also did.

■ They now say they did not agree to the arbitration clause, which seems hard to believe, given the evidence of their signatures. In the absence of fraud or duress, a person who signs a contract cannot avoid his obligations under it by showing that he did not read what he signed. See, e.g., *Bunge Corp. v. Williams*, 45 Ill. App.3d 359, 364–65, 4 Ill.Dec. 11, 14–15, 359 N.E.2d 844, 847–48 (1977) (agreement to arbitrate); *Vargas v. Esquire, Inc.*, 166 F.2d 651, 655 (7th Cir.1948). Maybe a claim of fraud can be teased out of the letter to the Rudells from Comprehensive's counsel, implying knowledge by Comprehensive that its franchisees didn't know what was in the franchise agreement— though this seems very doubtful, cf. *id.* at 655, and is in any event irrelevant. If the Rudells did not agree, this would not show that the arbitrator had exceeded his power, given that he had every right to think they had agreed—for they never suggested otherwise to him. Agreement would be as we have said an issue under section 4 of the Arbitration Act, for the premise of that section is the existence of an agreement to arbitrate, and the section sets out a procedure for determining whether there was such an agreement in the particular case. But after an award has been entered, section 4 is no longer in play; sections 9 and 10 are, and section 10 does not permit the person resisting enforcement of the award to go back and litigate the question whether there was an agreement to arbitrate. He must show (so far as relevant here) that the arbitrator exceeded his powers, and the Rudells have failed to show this.

■ The difference between section 4 and section 10 makes perfectly good sense. No one should be forced into arbitration without an opportunity to show that he never agreed to arbitrate the dispute that is the subject of the arbitration. The Rudells had that opportunity when they were notified of the arbitration, and they let it pass by. It was then too late for them to sit back and allow the arbitration to go forward, and only after it was all done, and enforcement was sought, say: oh by the way, we never agreed to the arbitration clause. That is a tactic that the law of arbitration, with its commitment to speed, will not tolerate.

■ This would be clear enough if the Rudells had actually participated in the arbitration without challenging the arbitrator's authority till the arbitration was completed and they had lost. See *Fortune, Alsweet & Eldridge, Inc. v. Daniel*, 724 F.2d 1355, 1357 (9th Cir.1983) (per curiam); *Ficek v. Southern Pac. Co.*, 338 F.2d 655, 657 (9th Cir.1964); *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 809 (2d Cir.1960). But, it may be asked, what concretely could the Rudells have done when they were notified of the arbitration, given that the arbitration clause allowed the arbitration to proceed in their absence? They might have brought suit to enjoin the arbitration. At the very least, they could have told the arbitrator that they did not recognize his authority to proceed, because they had not agreed to arbitration. That would have put the arbitrator and Comprehensive on

notice that the arbitrator's jurisdiction was questioned. Comprehensive might then have moved under section 4 of the Act for an order to arbitrate, and the Rudells would have gotten their day in court to challenge the existence of an agreement to arbitrate, before Comprehensive was put to the expense of the arbitration. If Comprehensive had not moved under section 4, but had gone ahead with the arbitration in the Rudell's absence, then the Rudells, having put Comprehensive on notice of their reservation, might be allowed in the confirmation proceeding to litigate the question whether there was a valid agreement to arbitrate, though we need not decide in this case whether they should instead have sought to enjoin the arbitration. They did neither. They waited too long.

■ They point out that objections to subject-matter jurisdiction cannot be waived by tardiness in asserting them, at least till a final judgment is entered (after all appeal possibilities have been exhausted). But there is no question of the district court's jurisdiction over this confirmation action. Although section 9 does not refer to any jurisdictional requirements for enforcing arbitration awards, other than the award itself, we may assume, following Wright and Miller, that the jurisdictional requirements for other proceedings under the Arbitration Act, see, e.g., 9 U.S.C. § 4, are applicable to section 9 proceedings too. See 13B Wright, Miller & Cooper, Federal Practice and Procedure § 3569, at pp. 171–72 (2d ed. 1984). But they are satisfied here.

**Affirmed.**