LOCAL 2414 OF the UNITED MINE WORKERS OF AMERICA, et al., a corporation, Plaintiff,

v.

CONSOLIDATION COAL COMPANY, a corporation, Defendant.

Civ. No. 87–4057.

United States District Court, S.D. Illinois, Benton Division.

March 23, 1988.

James Lynch, Dist. 12, UMWA, Springfield, Ill., for plaintiff.

Larry M. Bauer, Paul J. Schroeder, Jr., Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., D.L. Fassio, Consol. Coal Co., Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This matter is before the Court on the parties' cross motions for summary judgment.[1] Plaintiff contends, as a matter of law, that pursuant to 9 U.S.C. § 9 it is entitled to confirmation of the arbitration awards made the subject of this suit. The defendant, on the other hand, asserts that confirmation is improper because there has been no showing there exists any controversy regarding the validity of or their compliance with the awards.

The statute states in relevant part that ... at any time within one year after the award is made any party to the arbitration may apply to the court ... for an order confirming the award, and thereupon the court must grant such order unless the award is vacated, modified, or corrected....

9 U.S.C. § 9.

The Seventh Circuit has observed that "... once a matter has gone through arbitration and an award has been issued, the grounds on which a court asked to confirm (enforce) the award can refuse to do so are limited, ... to cases 'where the arbitrators exceeded their powers....'" *Comprehensive Accounting Corp. v. Rudell*, 760 F.2d 138 (7th Cir.1985).

Here, however, neither party has contended that the awards were invalid or that they have not been complied with. Likewise, neither party has alleged that the arbitrators exceeded their powers. The sole issue raised seems to be that since there is no controversy concerning the awards' validity or the defendant's compliance with them, it is improper to confirm the awards pursuant to 9 U.S.C. § 9. *See* Defendant's *Memorandum*, p. 14. Thus, the sole issue to be decided by the Court is whether, under these circumstances, the plaintiff is entitled to confirmation.

This issue appears to be one of first impression in the Seventh Circuit. A thorough review of the cases dealing with 9 U.S.C. § 9 reveals no decisions in our circuit that establish a criteria for confirming or not confirming arbitration awards under that statute where, as here, there is no

1. The Court notes that although the plaintiff has not filed a Motion for Summary Judgment, by agreement of the parties, its verified Petition for Confirmation (Document No. 1) and Memorandum in Support (Document No. 11) will be treated as such. Defendant's Motion for Summary Judgment is Document No. 14.

400

controversy surrounding either their validity or the defendant's compliance with them. Analysis of the cases that are reported suggests that, as used in the statute, the term "confirm" is synonymous with the term "enforce." *See* e.g. *Comprehensive Accounting,* supra, *id.* (where the term "enforce" is parenthetically inserted next to the term "confirm"). This construction of "confirm" becomes significant where a court is asked to "confirm" an award over which there is no dispute.

The Arbitration Act, 9 U.S.C. § 1 *et seq.,* was enacted to establish arbitration as a desirable alternative to the complications of litigation. *Wilko v. Swan,* 346 U.S. 427, 431, 74 S.Ct. 182, 184, 98 L.Ed. 168 (1953). In an effort to limit the scope of review of arbitration awards by federal courts, thus insuring their finality and conclusiveness, Congress has significantly limited the grounds upon which these awards may be set aside or corrected by the courts. *See* 9 U.S.C. §§ 10, 11. Thus, it is apparent that Congress did not intend for district courts to make unwarranted judicial intrusions into the arbitration process. It would seem that only when there is a bona fide dispute over the award, limited to the statutory bases, may a district court review an otherwise valid award.

To confirm (enforce) an award in light of this analysis, it follows *a fortiori* that there must first be an underlying dispute regarding its validity or application. That is to say it is manifest that there must be some type of controversy necessitating judicial enforcement of an award in order to justify its confirmation by court order. In cases such as the instant one where there is no new dispute, "... the court is simply being asked to put its imprimatur upon an arbitral award in a vacuum." *Derwin v. General Dynamics Corp.,* 719 F.2d 484, 491 (1st Cir.1983).

The *Derwin* case, with regard to the controversy issue, is factually identical to the one at bar. There, as here, the union did not allege that the company had repudiated or violated the award, nor was relief for specific enforcement prayed for. In rejecting the union's argument for confirmation, the First Circuit wrote:

> The federal substantive law subsumes the prudential values of Article III, which militate against ministerial confirmation of awards in the absence of a concrete dispute. Moreover, the reliance on arbitration to settle labor disputes is a central policy of federal labor law. To grant the requested confirmation at this juncture would risk injecting the courts improperly into the arbitration process, since absent a concrete dispute there is no way for the district court to know whether there is any matter it can properly review and its order may merely skew the bargaining balance between the parties.

719 F.2d at 492.

This Court finds the logic of the *Derwin* court persuasive and, ultimately, the better rule of law. Given the posture of this case regarding the absence of any dispute (except whether the awards are entitled to confirmation), the Court finds confirmation would only add to the complications of litigation. Thus to confirm these awards in the absence of any concrete dispute would merely serve to circumvent Congress' goal of eliminating the cost and complexity of litigation from labor disputes. For these reasons, defendant's Motion for Summary Judgment (Document No. 14) is hereby GRANTED.

IT IS, THEREFORE, ORDERED that the Clerk enter judgment in favor of defendant Consolidation Coal Company, and against plaintiff, Local 2414, United Mine Workers of America, each party to bear their respective costs.

IT IS SO ORDERED.