Arthur O'LEARY, et al., Plaintiffs,

v.

Michael J. FANGHELLA, Defendant.

No. 94 C 5524.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 2, 1994.

Steven B. Fisher, Joanne D. Mortin, for plaintiffs.

Michael J. Fanghella, for defendant.

1. Rule 59(e) establishes a non-extendable period (see Rule 6(b)) of 10 days within which such a motion may be served. However, Rule 6(a) interacts with Rule 59(e) to enlarge that 10–day period to at least 14 days by excluding intermediate Saturdays, Sundays and legal holidays.

*MEMORANDUM OPINION
AND ORDER*

SHADUR, Senior District Judge.

On October 14, 1994 this Court ruled orally that it was without subject matter jurisdiction of this action, which had been brought by all of the named limited partners of 729 South Wells Associates (collectively "Limited Partners"), to confirm an arbitration award that Limited Partners had previously obtained against Michael Fanghella ("Fanghella"). On October 28 Limited Partners filed a timely Fed.R.Civ.P. ("Rule") 59(e) motion to amend or alter that judgment of dismissal,[1] pointing to *Comprehensive Accounting Corp. v. Rudell,* 760 F.2d 138 (7th Cir.1985) as their purported support for the existence of federal jurisdiction here. Although Limited Partners have noticed up that motion for presentment on November 16, 1994, there is no need for either side to attend at that time because the motion can be dispatched in short order via this opinion.

With all respect, Limited Partners' counsel have simply missed the thrust of this Court's ruling dismissing the case (including the applicability of the principle announced in *Kokkonen v. Guardian Life Ins. Co.,* — U.S. ——, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), to which this Court directed counsel's attention during its oral ruling). What this Court did *not* hold was that jurisdiction under the Federal Arbitration Act ("Act"[2]) was lacking just because this suit was brought after an arbitration award had been entered, rather than before arbitration had taken place. There is no question that such jurisdiction *may* exist under the appropriate circumstances—indeed, that is a direct corollary of the position that the Act occupies vis-a-vis federal-court jurisdiction, as exemplified by *Moses H. Cone Memorial Hosp. v. Mercury*

2. Citations to the Act's provisions will simply take the form "Act § —," omitting reference to Title 9 of the United States Code where the Act appears. As this Court has remarked in earlier opinions dealing with arbitration, the Act is one of the few federal statutes in which the internal numbering of sections precisely matches the numbering within one of the Code's Titles.

*Const. Corp.,* 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983) (another decision to which this Court adverted in its October 14 oral ruling):

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. V) or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

What that means, of course, is that if federal subject matter jurisdiction *otherwise* exists, a district court is empowered to bring Act § 4 into play to enforce an agreement to arbitrate, or to bring Act § 9 into play to enforce an arbitration award—but if such an independent predicate for federal subject matter jurisdiction is lacking, a district court may do neither.

■ Although it operates in a different context, *Kokkonen* is all of a piece with that type of analysis. It teaches (indeed, the Court held unanimously) that when a federal action is settled and dismissed, but when something then happens to disturb the settlement agreement, the district court neither retains ancillary jurisdiction nor possesses inherent power to enforce the settlement.[3] Instead it is then necessary to take a fresh look at whether independent subject matter jurisdiction exists in conjunction with the enforcement of the parties' frustrated settlement. Hence the fact that the original action was a federal-question case would not confer federal jurisdiction to enforce the settlement agreement (which is simply a breach-of-contract claim) if diversity of citizenship were lacking. By the same token, the fact that the initial action had been in federal court via diversity of citizenship (including the requi-

site amount in controversy) would not permit federal enforcement of the settlement agreement, even though diversity was still present, if the result of the settlement was that the amount remaining in controversy had fallen below the more-than-$50,000 floor.

Nothing in *Comprehensive Accounting* undercuts this Court's analysis, or the applicability of *Kokkonen* by parity of reasoning, in any respect. To be sure, the plaintiff in *Comprehensive Accounting* (like Limited Partners here) first invoked federal jurisdiction after the arbitration award had been rendered, by seeking confirmation of the award under Act § 9. But the abbreviated statement of facts in *Comprehensive Accounting* (760 F.2d at 139) makes it quite plain that no federal question had been involved in the underlying dispute between the parties—it was a straightforward breach-of-contract claim. Though that statement of facts does not expressly deal with the amount in controversy, there is no reason at all to doubt that it met the then-existing more-than-$10,000 requirement of 28 U.S.C. § 1332(a). If it had not, there would have been a glaring lack of federal jurisdiction over the lawsuit—scarcely the kind of issue that would have escaped the attention of this Court's former colleague, Honorable George Leighton, or of the Court of Appeals panel for whom Chief Judge Richard Posner wrote the opinion on review. So the situation that *Comprehensive Accounting* obviously presented was a claim over which independent federal jurisdiction did exist, thus enabling plaintiff (the successful party in the arbitration) to sue under Act § 9.

By sharp contrast, in this instance Limited Partners' counsel has confirmed that there was and is a lack of total diversity of citizenship—one of the Limited Partners shared California citizenship with Fanghella. And even though part (though not all) of the underlying claims that had originally been submitted to arbitration invoked the federal securities laws, the essential lesson of *Kokkonen* is that once arbitration proceedings have been reduced to a money award, the suit for

---

**3.** Jurisdiction is not of course lacking (1) where the settlement agreement is expressly embodied in the dismissal order or (2) where the district court retains jurisdiction over the settlement contract pursuant to the parties' agreement (114 S.Ct. at 1677).

enforcement of the award involves nothing more than the equivalent of a contract claim. That being so, this Court's October 14 determination that subject matter jurisdiction was lacking here is not at all impacted by *Comprehensive Accounting*.[4]

Accordingly Limited Partners' Rule 59(e) motion is denied. As stated at the outset of this opinion, there is no need for their counsel or Fanghella or his counsel to attend the November 16 motion date.

**4.** Limited Partners' counsel had cited *Comprehensive Accounting* in their memorandum that had responded to another jurisdictional question posed by this Court. This Court had therefore read and was very much aware of *Comprehensive Accounting* when it ruled on October 14.