896 F.Supp. 14 (1995)
BOARD OF TRUSTEES OF the HOTEL AND RESTAURANT EMPLOYEES LOCAL 25 and Employers' Health and Welfare Fund, et al., Plaintiffs,
v.
MADISON HOTEL, INC., Defendant.
Civ. A. No. 94-2483 SSH.
United States District Court, District of Columbia.
August 4, 1995.
*15 Ellen Ranzman, Katz & Ranzman, Washington, DC, for plaintiffs.
Jonathan W. Greenbaum, Terence F. Flynn, David & Hagner, Washington, DC, for defendant.

MEMORANDUM ORDER
STANLEY S. HARRIS, District Judge.
Before the Court are defendant's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment; plaintiffs' opposition; and defendant's reply. Also before the Court are plaintiffs' motion for summary judgment; defendant's motion to hold its opposition to plaintiffs' summary judgment motion in abeyance pending resolution of defendant's motion to dismiss; and plaintiffs' opposition to defendant's motion to hold in abeyance. Upon consideration, defendant's motion to dismiss is granted. In addition, defendant's motion to hold its opposition in abeyance is granted. Plaintiffs' motion for summary judgment is dismissed, since this Court lacks subject matter jurisdiction over plaintiffs' claims.

Background
Plaintiffs are fiduciaries of three employee benefit plans (the "Funds"). On June 17, 1993, plaintiffs filed suit against defendant Madison Hotel under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185(a). Board of Trustees of the Hotel and Restaurant Employees Local 25 and Employers' Health and Welfare Fund, et al. v. Madison Hotel, Inc., Civ. No. 93-1239 (SSH). Plaintiffs sued to compel defendant to cooperate in an independent audit of defendant's payroll and wage records, to recover any delinquent contributions found due and owing the Funds, and for other relief available under ERISA.
On March 14, 1994, plaintiffs and defendant entered into and executed a Settlement Agreement. The Settlement Agreement provided that defendant would consent to an independent audit of specified payroll records, and that if the audit revealed any delinquencies, defendant would pay the delinquent amount to the Funds within a 30-day period or provide notice of its intent to contest the audit results. See Defendant's Motion for Summ.J., Ex. 2, at 2. In addition, the Settlement Agreement provided that the Funds "specifically retain[ed] and [did] not waive their right to interest, liquidated damages, audit and attorney's fees, costs or any other additional amounts to which they may be entitled, should the Hotel fail to make the required payment...." Id. at 2.
*16 Finally, Paragraph 5 of the Settlement Agreement provided that the parties would file a stipulation of dismissal with prejudice in Civ. No. 93-1239, but that "such dismissal is not intended to preclude the Funds from filing suit to recover any delinquency revealed by the audit ... or to enforce any obligations arising [before or] after [the dates encompassed by the audit]." The parties filed the aforementioned Stipulation of Dismissal with the Court on March 24, 1994. While the Stipulation of Dismissal states that the stipulation is "in accordance with the Settlement Agreement" entered into by the parties, the Settlement Agreement was not specifically incorporated into the Stipulation of Dismissal and was not ever filed with the Court. The Court simply stamped the parties' Stipulation of Dismissal with the notation "Let this be filed" and initialed the document; the case was then dismissed with prejudice, per the parties' stipulation.
After Civ. No. 93-1239 was dismissed, and in accordance with the terms of the Settlement Agreement, an audit of specified Madison Hotel payroll records was performed by independent certified public accountants. The reviewers found that defendant owed delinquent contributions to each of the three plaintiff Funds and sent notice to that effect to defendant. Defendant failed to pay the delinquent contributions owed the Funds within the 30-day period specified in the Settlement Agreement and did not provide notice of an intent to contest the auditor's findings. Plaintiffs informed defendant of their intent to file suit to recover the delinquencies owed the Funds and, on November 18, 1994, plaintiffs filed this action.
Plaintiffs make three claims in this complaint: first, that defendant breached section 515 of ERISA; second, that defendant breached section 301 of the NLRA; and third, that defendant breached the terms of the Funds' Trust Agreements, which provide for their own assessments of damages against a delinquent Fund contributor. Defendant has filed the instant Motion To Dismiss or for Summary Judgment, asserting that this Court lacks subject matter jurisdiction over this action. The Court agrees.
In Kokkonen v. Guardian Life Ins. Co. of America, ___ U.S. ___, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the Supreme Court unanimously held that a federal district court could not exercise ancillary jurisdiction over a suit to enforce the terms of a settlement agreement when a stipulation of dismissal with prejudice which did not incorporate the terms of the settlement agreement previously had been filed with the district court. Plaintiff in Kokkonen brought suit against defendant in a California state court after defendant terminated an agency agreement, and defendant removed to federal district court on the basis of diversity jurisdiction. The parties settled the case and entered a stipulation and order of dismissal with prejudice, which the district judge signed under the notation "It is so ordered." (The stipulation and order of dismissal did not reserve jurisdiction in the district court to enforce the settlement agreement.)
When the parties in Kokkonen disagreed as to an aspect of the settlement agreement, plaintiff moved the district court to enforce the settlement agreement. The district court entered an enforcement order, asserting that it had "inherent power" to do so. Kokkonen, ___ U.S. at ___, 114 S.Ct. at 1675. The United States Court of Appeals for the Ninth Circuit affirmed the district court; the Supreme Court reversed. The Supreme Court noted that the parties had filed a stipulation of dismissal with prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(ii), and that "[n]either the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation." ___ U.S. at ___, 114 S.Ct. at 1675. The Court concluded:
The short of the matter is this: The suit involves a claim for breach of contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute.... If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so.... Absent such action, however, enforcement of the settlement agreement is for state courts, unless there *17 is some independent basis for federal jurisdiction.
Kokkonen, ___ U.S. at ___, 114 S.Ct. at 1677; see also Morris v. City of Hobart, 39 F.3d 1105, 1110-11 (10th Cir.1994); Lucille v. City of Chicago, 31 F.3d 546, 548-49 (7th Cir.1994).
This case differs from Kokkonen, but only in insignificant ways. This Court dismissed plaintiffs' action with prejudice on March 24, 1994, after the parties filed their stipulation of settlement and dismissal. Plaintiffs then returned to this Court, not with a motion to enforce the settlement agreement, but with an entirely new lawsuit  a lawsuit based on the same occurrences as the lawsuit dismissed with prejudice by this Court, and containing the same ERISA and NLRA claims as the lawsuit dismissed with prejudice by this Court. In effect, what plaintiffs are requesting here, not through a motion but through an entirely new action, is enforcement of the parties' settlement agreement. This Court cannot assert jurisdiction over such a request.
Plaintiffs argue in their opposition to defendant's motion to dismiss that their action was and is still premised on federal claims, thus providing this Court with an "independent basis for jurisdiction," which the Supreme Court in Kokkonen stated was, of course, acceptable. Plaintiffs' Opp. at 3-4. Plaintiffs miss the point. As the district court in O'Leary v. Fanghella, 866 F.Supp. 1119, 1120 (N.D.Ill.1994) stated recently:
[W]hen a federal action is settled and dismissed, but when something then happens to disturb the settlement ... it is then necessary to take a fresh look at whether independent subject matter jurisdiction exists in conjunction with the enforcement of the parties' frustrated settlement. Hence the fact that the original action was a federal-question case would not confer federal jurisdiction to enforce the settlement agreement (which is simply a breach-of-contract claim) if diversity of citizenship is lacking.
O'Leary, 866 F.Supp. at 1120. The fact that plaintiffs' action arises from an alleged violation of ERISA and NLRA statutes does nothing to further plaintiffs' case before this Court. Plaintiffs alleged the same violations of the same federal statutes in 1993; the parties settled the action; and the case was dismissed with prejudice. Plaintiffs cannot create jurisdiction in this Court by pointing to the very federal statutes that were the basis for plaintiffs' original suit, the dismissal of which was consideration for the settlement agreement. Plaintiffs' complaint, cloaked as it may be in federal statutory garb, amounts to a simple breach of contract action, and this Court must dismiss plaintiffs' action.
This result creates no great injustice for plaintiffs. It does not foreclose them from pursuing a lawsuit against defendant for any delinquent contributions still owed to the Funds,[1] and it does not foreclose them from pursuing any of the other remedies available to them under the terms of the Settlement Agreement (i.e., interest, liquidated damages, attorney's fees, and the like). Plaintiffs simply must pursue those remedies in state court. Accordingly, it hereby is
ORDERED, that defendant's motion to dismiss is granted. Plaintiffs' action is dismissed. This dismissal is without prejudice to plaintiffs' ability to file a claim in state court (generically including the Superior Court of the District of Columbia) to enforce the Settlement Agreement between the parties. It hereby further is
ORDERED, that defendant's motion to hold its opposition to plaintiffs' motion for summary judgment in abeyance is granted. It hereby further is
ORDERED, that plaintiffs' motion for summary judgment is dismissed.
SO ORDERED.
NOTES
[1] Exhibits attached to plaintiffs' motion for summary judgment indicate that most, if not all, of the delinquent contributions have been paid, but that the issue of interest, fees, and the like is still unresolved. See Plaintiffs' Motion for Summary Judgment, Ex. A; see also Defendant's Opposition and Motion To Hold in Abeyance at 3 (noting that defendant tendered the contribution payments allegedly due the Funds).