**Irma COLLINS, Plaintiff–Appellee,**

v.

**BLUE CROSS BLUE SHIELD OF MICHIGAN, Defendant–Appellant.**

**No. 96–1011.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 1, 1996.

Decided Aug. 29, 1996. *

Nelson S. Chase (argued and briefed), William L. Fischel, Farmington Hills, MI, for Plaintiff–Appellee.

Theodore R. Opperwall (argued and briefed), K. Scott Hamilton (briefed), Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, for Defendant–Appellant.

Ann E. Reesman (briefed), Douglas S. McDowell (briefed), Ellen Duffy McKay (briefed), McGuiness & Williams, Washington, DC, for Amicus Curiae Equal Employment Advisory Council.

Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

Defendant Blue Cross Blue Shield of Michigan [1] ("BCBSM") appeals from the district court's judgment confirming an arbitration award in favor of Irma Collins. Collins claimed that BCBSM terminated her employment because of her psychiatric condition in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101–12213 (West 1995), and the Michigan Handicappers Civil Rights Act ("MHCRA"), Mich. Comp. Laws Ann. §§ 37.1101–1607 (West 1985 & Supp.1996).

---

* This decision was originally issued as an "unpublished opinion" filed on August 29, 1996.

1. The Equal Employment Advisory Council ("EEAC") has filed an amicus brief in support of BCBSM.

BCBSM argues that the arbitrator committed legal error and that the arbitration award itself violates public policy. For the following reasons, this Court finds that it lacks subject matter jurisdiction over this dispute and, therefore, **VACATES** the judgment of the district court and **REMANDS** this matter for proceedings consistent with this opinion.

## I.

Collins worked for BCBSM as a technical writer. Due to work related stress, Collins went on medical leave and began treating with a psychiatrist. This treating psychiatrist determined that Collins was disabled with major depression/adjustment syndrome and eligible for short term disability. Another psychiatrist, retained by BCBSM's benefits administrator, then examined Collins to determine her continued disability. During this examination Collins expressed certain "homicidal ideation" about her supervisor. This examining psychiatrist disclosed Collins' statements to BCBSM indicating that they should be "taken seriously" but may be her way of "asking for help." BCBSM then conferred with the treating psychiatrist, who stated that she did not believe that Collins had the ability to act on her homicidal ideation. After the treating psychiatrist determined that Collins had recovered, she authorized Collins to return to work. Upon Collins' return, BCBSM terminated her because of her statements to the examining psychiatrist.

Collins contested her termination under BCBSM's "Termination Arbitration Procedure" (the "Agreement") alleging statutory violations of both the ADA and the MHCRA. In their arbitration testimony, both psychiatrists indicated that they did not consider Collins to be a threat to her supervisor. The arbitrator found that BCBSM violated both the ADA and the MHCRA in terminating Collins. The arbitrator awarded back pay, attorney fees, and reinstatement to a comparable position subject to BCBSM's satisfaction, by psychiatric evaluation, that Collins posed no continuing threat to other employees.

The Agreement provided for limited judicial review of the arbitration award "as established by law" and for the arbitrator's "clear error of law." It also provided for enforcement of an arbitration award in a "Michigan federal district court or Michigan circuit court of competent jurisdiction." Collins sued in state court to confirm the award, attaching the arbitration award and asserting removal jurisdiction based on the ADA. Collins moved to remand. The district court found that removal was proper, however, because the arbitration decided an issue of federal law, thereby conferring federal jurisdiction. On cross motions for summary judgment, the district court tracked the arbitrator's analysis, found no legal error or violation of public policy, and confirmed the arbitration award.

## II.

■ BCBSM requests this Court to reverse because the arbitrator committed an error of law and the award violates public policy. However, before this court considers the merits of this appeal, it must ascertain its subject matter jurisdiction to do so. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986).

■ Removal jurisdiction exists where a federal district court would have had "original jurisdiction" over a claim. 28 U.S.C. § 1441(a). *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). District courts have original federal question jurisdiction of cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Under the rule of the well-pleaded complaint, a case does not arise under federal law if the federal issue initially appears as a defense. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983); *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840–

41, 109 S.Ct. 1519, 1520–21, 103 L.Ed.2d 924 (1989).

■ Collins filed her complaint to confirm the arbitration award in Wayne County Circuit Court. In its Notice of Removal, BCBSM characterized Collins' complaint for confirmation as "an employment discrimination case brought pursuant to the Michigan Handicappers' Civil Rights Act ... and pursuant to the Americans With Disabilities Act ... over which this court has federal question jurisdiction." However, on its face, the complaint merely alleges that it is an action to "[c]onfirm the Arbitration Award pursuant to MCR 3.602(B)(1)."[2] Moreover, the complaint does not otherwise facially refer to the ADA. Thus, although BCBSM accurately described Collins' underlying request for arbitration, BCBSM totally mischaracterized Collins' complaint in state court to confirm the underlying arbitration award.

Nevertheless, the district court found no impediment to removal jurisdiction based on federal question subject matter jurisdiction because the arbitrator's decision "turns on and references the ADA." A recent Sixth Circuit decision, however, precludes that reasoning. In *City of Detroit Pension Fund v. Prudential Securities, Inc.,* 91 F.3d 26 (6th Cir.1996), the Sixth Circuit stated that the underlying federal nature of an arbitrated dispute did not confer federal jurisdiction.

In *City of Detroit,* plaintiffs petitioned a federal district court to confirm a putative arbitration award. Defendants challenged the court's subject matter jurisdiction. The district court found federal question jurisdiction under 28 U.S.C. § 1331 and the Federal

Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, but refused to confirm the award and enjoined further arbitration because the plaintiffs' claims were untimely. On appeal the plaintiffs challenged the court's jurisdiction and its enjoining further arbitration of their claims. This Court noted that federal question jurisdiction did not exist for two reasons. First, the FAA does not independently confer federal jurisdiction. *Ford v. Hamilton Investments, Inc.,* 29 F.3d 255, 257–59 (6th Cir.1994), *see also Moses H. Cone Memorial Hospital v. Mercury Const. Corp.,* 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1982). Second, "the federal nature of the claims submitted to arbitration would not appear to be a sufficient basis for jurisdiction under 28 U.S.C. § 1331, since the rights asserted here are actually based on the contract to arbitrate rather than on the underlying substantive claims." *City of Detroit,* at 29. Thus, neither the FAA nor the federal nature of an underlying arbitrated dispute provide federal question subject matter jurisdiction.[3]

Other courts also have reasoned that, under the well-pleaded complaint rule, in actions to confirm or vacate an arbitration award, the federal nature of the underlying arbitrated dispute does not confer subject matter jurisdiction. *Virgin Islands Housing Authority v. Coastal General Constr. Services Corp.,* 27 F.3d 911, 915–16 (3rd Cir. 1994); *O'Leary v. Fanghella,* 866 F.Supp. 1119, 1120–21 (N.D.Ill.1994); *Giangrande v. Shearson Lehman/E.F. Hutton,* 803 F.Supp. 464, 468–73 (D.Mass.1992); *In re Application of Prudential Sec., Inc.,* 795 F.Supp. 657, 658–61 (S.D.N.Y.1992).[4]

---

**2.** MCR 3.601(B)(1) procedurally governs statutory arbitration under the Michigan Arbitration Act, Mich. Comp. Laws Ann. § 600.5001–600.5035 (West 1985).

**3.** Nevertheless, this Court affirmed the district court after finding diversity jurisdiction, which is not present in this case.

**4.** BCBSM's sole support for its contention that federal question jurisdiction may be based on the federal nature of the underlying claims is a footnote in *Moses H. Cone,* 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32. That footnote, however, merely states that a federal court has jurisdiction under § 4 of the FAA to compel arbitration when the district court would have jurisdiction over a

suit on the underlying dispute. In particular, § 4 provides: "A party aggrieved by the alleged failure to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

This reasoning is inapplicable to the facts of this case, however, in that the parties have already arbitrated their dispute. At issue now is confirmation of the award, which procedure is governed under § 9 of the FAA. Section 9 pro-

In this case, one of the issues in the underlying arbitration was Collins' statutory claim against BCBSM under the ADA, clearly a federal question. However, the issue in Collins' state court complaint was the confirmation of the arbitrated award, a right that was provided in the parties' arbitration agreement and, thus, clearly a state law matter. As noted, neither the FAA nor the underlying arbitrated claim provide an independent basis of federal jurisdiction in an action to confirm or vacate an arbitration award. Therefore, this Court lacks jurisdiction of this matter.

Accordingly, the decision of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this opinion.

vides that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. Only if no court is specified in the agreement of the parties does the statute provide that "then such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9; see also *Moses H. Cone*, 460 U.S. at 25 n.32, 103 S.Ct. at 942 n. 32 (enforcement of the FAA is left in large part to the state courts but may be raised in federal court when an independent basis for federal jurisdiction exists). Defendant's arbitration procedures make clear, however, that an award may be enforced either in federal or stated court, therefore plaintiff's action was properly brought in Wayne County Circuit Court.