# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 97-4235

—————

Marla J. Norton,                                    *
                                                    *
    Plaintiff - Appellant,                      *
                                                    *   Appeal from the United States
v.                                                  *   District Court for the
                                                    *   District of Nebraska.
AMISUB St. Joseph Hospital,                         *
                                                    *   **[PUBLISHED]**
    Defendant - Appellee.                       *

—————

Submitted: June 12, 1998
Filed:   September 18, 1998

—————

Before BOWMAN and LOKEN, Circuit Judges, and MAGNUSON,* District Judge.

—————

PER CURIAM.

When AMISUB Corporation acquired St. Joseph's Hospital in Omaha, employee Marla J. Norton signed an Acknowledgment Form in which she agreed to submit all complaints "that arise out of employment or termination of employment" to binding arbitration. Norton was terminated in August 1994. She filed this action alleging unlawful sex and age discrimination in violation of Title VII, the ADEA, and state law. The Hospital moved to stay the lawsuit pending arbitration. The district court granted

———————————

*The HONORABLE PAUL A. MAGNUSON, Chief Judge of the United States District Court for the District of Minnesota, sitting by designation.

the unopposed stay, and the arbitrator held a three-day hearing that resulted in an award in favor of the Hospital. The arbitrator reasoned that Norton "has not carried her burden of showing that the reasons offered by the Hospital are pretexts for discrimination or that the Hospital provided false reasons for terminating Ms. Norton."

When Norton failed to file a motion to vacate the arbitrator's award within the three months allowed under the Federal Arbitration Act, 9 U.S.C. § 12, the district court[1] granted the Hospital's motion to dismiss her complaint, concluding that by voluntarily participating in the arbitration Norton "has either consented to arbitration or waived her right to object on the grounds that the arbitration agreement is not valid. She is bound by the arbitrator's award by not filing a timely motion to vacate." Norton appeals, arguing that the Acknowledgment Form was not a binding agreement to arbitrate, the agreement to arbitrate was an unenforceable contract of adhesion, the waiver of her statutory rights did not comply with the ADEA's disclosure and waiting period limitations, and she did not waive her right to a jury trial by agreeing to arbitrate. After careful consideration of these contentions, we agree with the district court that Norton waived her right to pursue her claims in the lawsuit by failing to oppose the motion to stay, participating in the arbitration, and failing to file a timely petition or motion to vacate the arbitrator's award. See Comprehensive Acct'g Corp. v. Rudell, 760 F.2d 138 (7th Cir. 1985); see generally Patterson v. Tenet Healthcare, Inc., 113 F.3d 832 (8th Cir. 1997). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska.