**Raymond MERCURIO, Plaintiff,**

**v.**

**AMERICAN EXPRESS CENTURION BANK, Defendant.**

**No. 3:05CV7077.**

United States District Court, N.D. Ohio.

April 5, 2005.

Raymond J. Mercurio, Toledo, OH, Pro se.

Daniel R. Mordarski, Columbus, OH, for Defendant.

*MEMORANDUM OF OPINION AND ORDER*

KATZ, District Judge.

On March 7, 2005, plaintiff *pro se* Raymond Mercurio filed the above-captioned "Petition to Confirm Arbitration Award" against defendant American Express Centurion Bank, "domicile unknown." Mr. Mercurio, a resident of Lucas County, Ohio, seeks confirmation of an arbitration award against American Express pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9. In his prayer for relief, he requests a "[m]odification of the award from a monetary amount of $13,434.00 to a zero balance." (Compl. at 7.)

*Background*

In his complaint before the court, Mr. Mercurio states that the Solomon Arbitration Group, Inc. (SAG) issued an arbitration award in his favor on July 27, 2004.

The complaint focuses on the failure of American Express to postpone the arbitration hearing, challenge the jurisdiction of the forum, present any evidence on its behalf or contradict the evidence he presented. In addition, he opined that the arbitration award was not obtained by "corruption, fraud, or undue means;" "evident partiality or corruption in the arbitrator;" misconduct by the arbitrator; or by the arbitrator exceeding his powers.[1]

The relevant facts that led to SAG's arbitration award are not set forth in Mr. Mercurio's complaint. A review of the attachments to the complaint, however, indicates that Mr. Mercurio entered into what he describes as a Credit Card Member Agreement (hereinafter "Agreement") with American Express on an undisclosed date.[2] The Agreement contained an Arbitration Provision wherein it set forth that any claim "shall be" resolved by arbitration pursuant to the terms of the Provision, as well as the code of procedures set forth by the national arbitration organization to which the claim is referred. (Pl.'s Attach., Agreement at 2.) A term included in the Provision also mandated that "[c]laims shall be referred to either the National Arbitration Forum (NAF), JAMS or the American Arbitration Association." *Id.*

In a letter to American Express, dated March 29, 2004, Mr. Mercurio disputed the "validity of the indebtedness" on his credit card account. He requested a "verified copy" of the original contract for the account and a "verified copy of the complete set of original bookkeeping entries including any ledger and accounting entries related to the above referenced account." (Pl.'s Attach., Letter from Mercurio to American Express of 3/29/04.) Mr. Mercurio posed several other questions to American Express and "required" an answer within thirty days of the date of the letter.

In an unsigned letter attached to the complaint, dated June 16, 2004 and drafted on the letterhead of SAG, both American Express and Mr. Mercurio were notified that "a demand for binding arbitration" was filed against American Express by Mr. Mercurio on the same date. The letter further explains that SAG, a Montana State corporation, was selected by Mr. Mercurio to "hear and decide this matter."[3] (Pl.'s Attach., Letter from SAG to

---

1. Mr. Mercurio's assertions regarding SAG's conduct during arbitration are a direct reference to issues that would arise in a potential motion to vacate an arbitration award, as follows:

   In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
   (1) where the award was procured by corruption, fraud, or undue means;
   (2) where there was evident partiality or corruption in the arbitrators, or either of them;
   (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
   (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

   9 U.S.C. § 10(a)(1)(2).

2. In the arbitration "Award" allegedly issued by Solomon Arbitration Group, the arbitrator indicated that Mr. Mercurio entered into an agreement to resolve disputes with American Express on May 19, 2004.

3. Solomon Arbitration Group, Inc. is not one of the three arbitration firms listed in the Agreement which a party must choose if it decides to arbitrate a dispute between the parties.

Mercurio and American Express of 6/16/04.)

On July 27, 2004, SAG issued a letter to Mr. Mercurio and American Express which enclosed a copy of the arbitration "Award, which has been entered in this matter." (Letter from SAG to Mercurio and American Express of 7/27/04.) The Award included the arbitrator's "findings" that American Express failed to answer or appear, and that all evidence and arguments submitted by Mr. Mercurio support "[a]n Award by default in favor of Claimant, in the amount of $13,434.00, represented as a cleared balance on the stated account, and reasonable associated costs of resolution, in a total amount of $1,500.00, with interest accruing at 12 percent per year beginning 30 days from the date of this award and ..." (Pl.'s Attach., Letter from SAG to Mercurio and American Express of 7/27/04, "Award" at 1.) [4]

In his complaint before this court, Mr. Mercurio asserts this court's jurisdiction based solely on 9 U.S.C. § 9, and seeks confirmation, enforcement and "modification" of the arbitration award issued by SAG.

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999); *see Hagans v. Lavine,* 415 U.S. 528, 536–

37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.,* 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

### Lack of Subject Matter Jurisdiction

■ Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603(1990) and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland. Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Based on the facts alleged, this court lacks subject matter jurisdiction over Mr. Mercurio's complaint.

■ In the text of section 9 of the FAA, it sets forth that:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Therefore, the Act provides for the confirmation of an award by a court of an arbitration agreement, wherein the parties have agreed that a judgment of the court be entered upon the award made pursuant to the agreement. *Id.* The FAA

---

**4.** The sentence and first page of the "Award" actually ends with the word "and ..." The second page of the "Award" begins with an entirely new paragraph.

does not, however, confer federal jurisdiction by its own weight. *Ford v. Hamilton Investments, Inc.,* 29 F.3d 255, 257–59 (6th Cir.1994)(it is plain that the Federal Arbitration Act does not give rise to federal jurisdiction). Before filing a complaint in federal court under the FAA, an independent jurisdictional basis, such as diversity jurisdiction, is required in confirmation proceedings under 9 U.S.C. § 9. *See Smith Barney, Inc. v. Sarver,* 108 F.3d 92, 94 (6th Cir.1997)(the Sixth Circuit has made it clear that the Federal Arbitration Act does not supply an independent basis for federal jurisdiction, nor does the federal nature of the underlying claims that were submitted to arbitration); *City of Detroit Pension Fund v. Prudential Securities Inc.,* 91 F.3d 26, 29 (6th Cir.1996); *Collins v. Blue Cross Blue Shield of Michigan,* 103 F.3d 35, 37 (6th Cir.1996)(neither the FAA nor the federal nature of an underlying arbitrated dispute provide federal question subject matter jurisdiction). Mr. Mercurio has not asserted any independent basis for this court's jurisdiction over his FAA complaint, and the matter in controversy would clearly preclude jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Notwithstanding the fact that this "SAG arbitration" reflects a direct and unresolved contradiction with any arbitration rules the parties agreed to under the terms of the arbitration clause in the Agreement,[5] and the fact that this is "an Award by default,"[6] this court lacks subject matter jurisdiction over the complaint.

Accordingly, this action is dismissed. Further, the court certifies that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

**5.** In the arbitration clause contained in the Agreement between Mr. Mercurio and American Express, it explicitly advised that the filing party must choose one of the following arbitration firms when filing an arbitration: American Arbitration Association, JAMS or National Arbitration Forum. Moreover, the agreement provided that "[c]laims shall be resolved ... by arbitration pursuant to the Arbitration Provision and the code of procedures of the national arbitration organization to which the Claim is filed," (Pl.'s Attach., Agreement at 2.) The Commercial Arbitration Rules of the American Arbitration Association, provide that "[i]f the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method *shall* be followed." American Arbitration Association, Commercial Arbitration Rules, Section 12(a) (July 1, 2003)(emphasis added).

**6.** If Mr. Mercurio chose one of the three arbitration firms required in his Agreement with American Express, each is governed by a set of rules which do not provide for an arbitration award by default. *See* American Arbitration Association, Commercial Arbitration Rules, Section 29 (July 1, 2003)( "[a]n award *shall not* be made solely on the default of a party")(emphasis added); National Arbitration Forum (NAF) Code of Procedure, Part V, Rule 36("No Award or Order shall be issued against a Party solely because that Party failed to respond, appear or defend"); JAMS Comprehensive Arbitration Rules and Procedures, Rule 22(j)("Arbitrator may not render an Award solely on the basis of the default or absence of the Party, but shall require any Party seeking relief to submit such evidence as the Arbitrator may require for the rendering of an Award.")

**7.** 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauper* is if the trial court certifies in writing that it is not taken in good faith.