69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 PUBLIC SERVICE COMPANY OF OKLAHOMA, Plaintiff-Appellee,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, Defendant-Appellant.
 No. 95-5017.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1995.
 
 Before ANDERSON, HOLLOWAY, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 This appeal is before us essentially as an attack on an arbitration award, entered after a full and complete arbitration of a dispute arising out of a contract between the parties. In an order dated December 6, 1994, the district court made a series of rulings in favor of the appellee, Public Service Company of Oklahoma ("PSO"), and against the appellant, Burlington Northern Railroad Company ("BN"), and confirmed an arbitration award entered on May 16, 1994. On December 29, 1994, the district court entered judgment on that order in favor of PSO. BN appeals, arguing first that there is no federal subject matter jurisdiction to confirm the arbitration award; second, that the district court erred in denying BN's motion to "retransfer" its action to vacate the award to federal district court in Texas; third, that the district court erred in not allowing discovery with regard to BN's allegations of evident arbitrator partiality; and, fourth, that the district court erred by allegedly reaching the merits prematurely on the sufficiency of the arbitrator's disclosures, prior to receiving evidence and argument by BN, and by failing to address two issues raised by BN. We affirm.
 
 BACKGROUND
 
 2
 BN and PSO are parties to a long-term coal transportation agreement (the "Agreement") under which BN transports coal to PSO's northeastern generating station near Oologah, Oklahoma.[1] Sections 11 and 13 of the Agreement provide that certain disputes between the parties will be subject to arbitration. Specifically, Section 13 provides as follows:
 
 
 3
 Section 13.1: If a question or controversy shall arise with respect to the appropriateness of substitute indices (Subsection 4.2), or with respect to renegotiation of the rate or escalation (Section 11), or with respect to the added cost and/or liability of transporting Beneficiated Coal (Section 26), then the dispute or controversy shall be submitted to an arbitration board as set forth in Subsections 13.2 and 13.3 herein.
 
 
 4
 Section 13.2: The procedure for selecting the arbitrator for each such controversy or matter so arising shall be as follows: the party seeking the relief under Section 13 hereof shall, at the time such board of arbitration is needed, notify the other party of the name of an arbitrator, and such other party shall, within ten (10) working days thereafter, select a second arbitrator and notify the party desiring arbitration of the name of such arbitrator. If such other party shall fail to name a second arbitrator within ten (10) working days, then the relief sought shall be deemed granted. The two (2) arbitrators chosen as above provided for shall, within ten (10) working days after the appointment of the second arbitrator, choose the third arbitrator, and, in the event of their failure to do so within said ten (10) working days, either of the parties hereto may in like manner, on reasonable notice to the other party, apply to the Chief Judge of the United States District Court for the Northern District of Oklahoma for the appointment of the third arbitrator and in such case the arbitrator appointed by the Chief Judge shall act as the third arbitrator. In the event the Chief Judge should fail or refuse to appoint the third arbitrator, the matter shall be resolved by the two arbitrators, and a deadlock shall constitute a denial of the relief sought.
 
 
 5
 Section 13.3: The board so constituted shall fix a reasonable time and place for the hearing, at which time each of the parties hereto may submit such evidence as it may see fit. Such board shall determine the matters submitted to it pursuant to the provisions of this Agreement. The action of a majority of the members of such board shall govern, and their decision in writing shall be final and binding on the parties. Each party shall pay the expense of the arbitrator selected by or for it, and all other costs of the arbitration shall be equally divided between the parties hereto. Each party shall pay all costs of its employees, witnesses and legal counsel. The procedure for the arbitration in this Section shall be governed by the Federal Rules of Civil Procedure, as amended, and the Federal Rules of Evidence, as amended.
 
 
 6
 Section 13.4: The parties agree that if at any time a question or controversy shall arise between the parties concerning a matter not referred to in Subsection 13.1 herein, upon which the parties cannot agree, then any action to resolve such question or controversy shall be instituted or maintained in any State or Federal Court of competent jurisdiction located in the State of Oklahoma. None of the parties shall raise the defense of the lack of personal jurisdiction over that party.
 
 
 7
 After a dispute arose as to a renegotiated rate level and a renegotiated adjustment mechanism under the contract, the parties submitted their dispute to binding arbitration pursuant to Section 13. In the course of this process, each side selected one arbitrator and, eventually, PSO applied to the court below for the appointment of a third arbitrator. In the Matter of the Arbitration Between Public Service Company of Oklahoma and Burlington Northern Railroad Company, No. 92-C-1196-E (dated December 31, 1992). By Order dated April 12, 1993, Chief Judge James O. Ellison appointed Deryl Lee Gotcher, Jr., Esq., as the third arbitrator and chairman of the panel of arbitrators. After receiving written evidence and argument from the parties, and after holding oral hearings in Tulsa, Oklahoma, the arbitrators unanimously rendered an award in favor of PSO on May 16, 1994.
 
 
 8
 On the same day that the panel issued its decision BN filed suit in Texas state court seeking to vacate the award on the ground of evident partiality of one of the three arbitrators, Mr. Gotcher. Four days later, PSO filed suit in the district court below seeking confirmation of the award. The same day, May 20, 1994, it also removed BN's state court suit to federal district court in Texas, on the ground of diversity jurisdiction, 28 U.S.C. Secs. 1332(a) and (c), Sec. 1441(a), and Sec. 1446, then moved to have the action transferred to Oklahoma, to the court below. On September 8, 1994, the federal district court in Texas granted that motion, denied BN's motion to remand the case to Texas state court, and transferred BN's vacatur action to the court below where it was ultimately consolidated with PSO's action to confirm the arbitration award.
 
 
 9
 BN's actions in the court below include: a June 9, 1994, motion to dismiss PSO's confirmation action for want of subject matter jurisdiction; a motion filed on August 18, 1994, to stay proceedings in PSO's confirmation action; an August 17, 1994, "Protective Motion to Vacate Arbitration Award" in the event the district court determined it had jurisdiction over PSO's confirmation action; a motion to "retransfer" the vacatur case to federal court in Texas; and issuance of interrogatories and a deposition subpoena in the consolidated action. PSO moved for a protective order with respect to discovery sought by BN. Following oral argument the district court issued its order on December 6, 1994, granting PSO's motions and denying BN's motions, and subsequently entered judgment in favor of PSO, confirming the arbitration award.
 
 DISCUSSION
 A. Jurisdiction
 
 10
 There is no dispute in this case that the district court had diversity jurisdiction over PSO's action to confirm the arbitration award. The question is whether it had the additional and more specific grant of jurisdiction required under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. Sec. 9, and our opinion in Oklahoma City Assoc. v. Wal-Mart Stores, Inc., 923 F.2d 791 (10th Cir.1991). Section 9 provides in pertinent part as follows:
 
 
 11
 If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.
 
 
 12
 In Wal-Mart we held that federal courts do not have jurisdiction under Sec. 9 to confirm an arbitration award unless jurisdiction is conferred by the terms of the arbitration agreement itself. Wal-Mart, 923 F.2d at 793-94. We noted that courts disagree on exactly what arbitration clause language is necessary to show consent to federal court jurisdiction, but held that at a minimum a "finality clause" must be present. Id. at 794. Because the agreement in Wal-Mart did not have such a clause we held that there was no federal court jurisdiction. The sufficiency of a finality clause alone to establish the parties' consent to federal jurisdiction was not an issue in Wal-Mart, and it is unnecessary to decide that issue here.
 
 
 13
 We conclude that Section 13 of the agreement between PSO and BN, as informed by the conduct of the parties, manifests consent to federal court jurisdiction. Subparagraph 13.2 provides for application to the Chief Judge of the United States District Court for the Northern District of Oklahoma for the appointment of a third arbitrator. Subparagraph 13.3 provides that the procedure for the arbitration shall be governed by the Federal Rules of Procedure and Evidence, and that the decision of a majority of the arbitrators shall be final and binding on the parties. Subsection 13.4 provides that disputes not routed through the arbitration process shall be resolved in any state or federal court in Oklahoma.
 
 
 14
 Pursuant to subparagraph 13.2, PSO did apply to the court below for the selection of an arbitrator and the matter was entered on the district court's civil docket, case no. 92-C-1196-E, styled: In the Matter of the Arbitration Between Public Service Company of Oklahoma, Applicant v. Burlington Northern Railroad Company, Respondent. BN filed no objection either to the style or nature of the filing, and on March 11, 1993, the court, by minute order, ordered the parties, respectively, to submit the names, addresses and phone numbers of three persons from which the court could select an arbitrator.
 
 
 15
 On April 13, 1993, the district court entered a formal order under the caption of the United States District Court for the Northern District of Oklahoma, in no. 92-C-1196-E, both appointing Mr. Gotcher as an arbitrator for the parties' dispute and addressing his compensation--requiring the parties to pay the "customary rate." By a separate order filed the same day, the court dismissed no. 92-C-1196-E noting that the parties had agreed to the appointment of Mr. Gotcher; but the court expressly retained jurisdiction. The order states:
 
 
 16
 IT IS THEREFORE ORDERED that the action is dismissed without prejudice to any of the parties herein. The Court retains complete jurisdiction to vacate this order and to reopen the action upon cause shown within six (6) months that arbitration has not been completed or that it has failed to dispose of the issues in the case and further litigation is therefore necessary.
 
 
 17
 S.J.A. at 0301. Neither party objected to the terms or scope of that order.
 
 
 18
 Three weeks later, Mr. Gotcher filed a formal pleading in the district court, under the style, caption and case number in the "dismissed" action, referred to above, accepting his appointment as arbitrator. In that pleading he reported to the court on the status of the arbitration to date and stated further that:
 
 
 19
 The Court's neutral arbitrator will make timely reports to the Court during the progress of the arbitration process and will make every effort to timely resolve the dispute between the parties and furnish this Court with a report concerning such resolution.
 
 
 20
 S.J.A. 0302. The pleading shows service of copies on all counsel. Neither BN nor PSO filed any objection to the continuing vitality of the matter before the district court.
 
 
 21
 Following the arbitration award PSO filed this action to confirm the award and moved to have the prior dismissal in no. 92-C-1196-E vacated and for consolidation of that matter with the confirmation proceeding. BN objected, arguing both lack of subject matter jurisdiction over the confirmation action, and that the prior proceeding was both unrelated and closed.
 
 
 22
 We do not address those claims as such. Rather, we look to the pre-award interaction of the parties with the district court as guidance of the parties' views with regard to the scope of their consent in the agreement to the jurisdiction of the district court. The award itself obviously changed the dynamics of the situation to an extent which renders an examination of actions taken after that date unfruitful.
 
 
 23
 Pre-award, the district court not only appointed the third arbitrator, it expressly assumed continuing jurisdiction over the arbitration, including the receipt of reports, and, presumably, enforcement power over payment of the neutral arbitrator's fee at the "customary" rate required by the court. As indicated above, neither party objected. In the circumstances, we hold that the district court had jurisdiction under Sec. 9 of the FAA to confirm the arbitration award.
 
 
 24
 This holding makes it unnecessary for us to address other issues raised by BN with respect to jurisdiction or the propriety of the forum for decision on the merits both of the action to confirm and the action to vacate the award.
 
 B. Discovery into Allegations of Partiality
 
 25
 BN argues that the district court abused its discretion in not permitting BN to conduct discovery with respect to its allegations of evident partiality of Mr. Gotcher. It does not dispute the fact asserted by PSO that at the first meeting between the parties and the arbitration panel Mr. Gotcher acknowledged his duty to disclose potential conflicts and informed the parties that he was a PSO ratepayer and had extensive professional dealings with local counsel for BN and PSO. Rather, BN asserts that Mr. Gotcher's son worked in PSO's law department for a brief time more than ten years prior to the date of the arbitration, and his daughter is an officer at a bank where PSO does some banking business and may have a representative on the board. BN contends that it had a right to conduct post-award discovery of Mr. Gotcher to determine if these facts (and two others which are not seriously pursued) may have made him evidently partial as contemplated by Sec. 10(b) of the FAA.
 
 
 26
 We reject the argument for two reasons. First, BN's counsel conceded at oral argument that BN knew of the facts in question prior to the decision of the arbitrators and took no action. That inaction constitutes a waiver in these circumstances. See, e.g., Cook Industries, Inc. v. C. Itoh & Co. (America) Inc., 449 F.2d 106, 107-08 (2d. Cir.1971).
 
 
 27
 Second, and in any event, the reasons advanced in support of the need for discovery are insufficient on their face to justify an investigation. And, the asserted need to investigate further essentially to see if there is a justification to investigate further is both circular and wholly speculative. We agree entirely with the district court's reasoning and authorities on the point. See, e.g., Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 150 (1968), Ormsbee Development Co. v. Grace, 668 F.2d 1140 (10th Cir.), cert. denied, 459 U.S. 838 (1982).
 
 C. Remaining Issues
 
 28
 We have considered all of the additional arguments and issues raised by BN and find them meritless.
 
 CONCLUSION
 
 29
 For the reasons stated, the orders of and judgment entered by the district court are AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 The Agreement between the parties was filed under seal in this matter by PSO as an attachment to its May 20, 1994, Application for Order Confirming Arbitral Award